## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 09 2015, 9:07 am

Kevin S. Smith

CLERK
of the supreme court,
court of appeals and
tax court

---

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Brandon E. Murphy<br>Muncie, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| | Richard C. Webster<br>Deputy Attorney General<br>Indianapolis, Indiana |

---

# IN THE
# COURT OF APPEALS OF INDIANA

---

| | |
|---|---|
| Courtney L. Sharp,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 9, 2015<br><br>Court of Appeals Case No.<br>05A02-1411-CR-786<br><br>Appeal from the Blackford Superior Court<br><br>The Honorable John N. Barry, Judge<br><br>Trial Court Cause No.<br>05D01-1402-FC-59 |

**Mathias, Judge.**

[1] Courtney L. Sharp pleaded guilty to Class C felony possession of cocaine in Blackford Superior Court and was sentenced to five years, with two years executed and three years suspended to probation. Sharp appeals and claims: (1) that the trial court abused its discretion in sentencing him; and (2) that the

sentence imposed by the trial court is inappropriate in light of the nature of the offense and the character of the offender.

[2] We affirm.

## Facts and Procedural History

[3] Shortly before midnight on February 24, 2014, Hartford City Police Officer Jason Young ("Officer Young") made a traffic stop of a vehicle in which Sharp was a passenger. When Sharp opened the glove box to retrieve the vehicle's registration, Officer Young saw piece of folded, pink paper containing a leafy material he recognized as marijuana. Sharp dropped the paper on the floorboard, and Officer Young ordered Sharp to exit the vehicle and go to a patrol car with another officer on the scene, Sergeant McKissack ("Sgt. McKissack"). At this point, Sharp began to yell and complain about the officers' actions.

[4] Officer Young then looked inside the vehicle, at which point Sharp began to physically resist Sgt. McKissack, apparently because Sgt. McKissack began to perform a pat-down search of Sharp. When Officer Young went to help Sgt. McKissack subdue Sharp, McKissack informed him that Sharp had a hard object in the back of his pants. Officer Young located the object and attempted to remove it from Sharp's pants, but Sharp grabbed the object and held on to it. The officers wrestled Sharp to the ground as he continued to hold on to the object. Officer Young eventually pried the object from Sharp's fingers. The object was a plastic bag containing two smaller plastic bags. Inside the smaller

bags was marijuana and what was later determined to be eleven grams of cocaine.

[5] As a result of this incident, the State charged Sharp the following day in four counts: Count I, Class C felony possession of cocaine; Count II, Class A misdemeanor possession of marijuana; Count III, Class A misdemeanor resisting law enforcement; and Count IV, Class B misdemeanor disorderly conduct. On September 25, 2014, Sharp reached an agreement with the State whereby he would plead guilty to Count I, and the State would dismiss the remaining charges and charges pending in two other cases in Blackford Circuit Court. Pursuant to the plea agreement, sentencing was left to the discretion of the trial court with the exception of a four-year cap on executed time. At the guilty plea hearing, the trial court took the plea under advisement.

[6] At a sentencing hearing held on October 28, 2014, the trial court accepted the plea and found the following aggravating circumstances: (1) Sharp had a prior misdemeanor conviction in which his probation had been revoked; (2) Sharp's acts of resisting the efforts of law enforcement during his arrest in the present case demonstrated "disdain for the authority of law enforcement," from which the trial court found that Sharp would not respond positively to a completely suspended sentence; (3) Sharp had continued to use controlled substances while the present case was pending; and (4) the court did not believe Sharp's claims that the eleven grams of cocaine found in his possession was for personal use, further demonstrating that Sharp would not respond positively to a completely suspended sentence. The trial court found as mitigating Sharp's relatively young

age of twenty-five years and that he has two dependent children. Concluding that the aggravating circumstances outweighed the mitigating circumstances, the trial court sentenced Sharp to five years, with two years executed and three years suspended to probation. Sharp now appeals.

## I. Abuse of Sentencing Discretion

Sharp claims that the trial court abused its discretion in sentencing him. Generally speaking, sentencing decisions are left to the sound discretion of the trial court, and we review the trial court's decision only for an abuse of this discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the trial court. *Id*. The trial court may abuse its discretion in sentencing in a number of ways, including: (1) wholly failing to enter a sentencing statement, (2) entering a sentencing statement that explains reasons for imposing the sentence but the record does not support the reasons, (3) the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or (4) the reasons given in the sentencing statement are improper as a matter of law. *Kimbrough v. State*, 979 N.E.2d 625, 628 (Ind. 2012) (citing *Anglemyer*, 868 N.E.2d at 490-91).

Sharp argues that the trial court abused its discretion by finding two aggravating circumstances that were supported by the record: (1) that Sharp resisted law enforcement on the date of his arrest, and (2) that the trial court did not believe Sharp's claim that the eleven grams of cocaine found on his person was for

personal use. Sharp also claims that the trial court failed to consider two mitigating factors he claims were present.

*A. Aggravating Circumstances*

With regard to the first challenged aggravating circumstance, Sharp argues that by relying on his actions of resisting law enforcement, the trial court denied him the full bargained benefit of his plea agreement, which dismissed the count alleging that Sharp had committed Class A misdemeanor resisting law enforcement. We disagree.

Sharp refers us to nothing in his plea agreement that would preclude the trial court from considering the nature and circumstances of his crime as an aggravating circumstance. The fact that the nature and circumstances of his crime for which Sharp pleaded guilty included acts that were the basis of dismissed charges does not mean that the nature and circumstances of the crime cannot be considered as aggravating.

We addressed this issue in *Corralez v. State*, 815 N.E.2d 1023 (Ind. Ct. App. 2004). In *Corralez*, the defendant drove his vehicle at extremely high speeds, disregarded stop signs, and collided with a vehicle at an intersection. The driver of the other vehicle died after suffering for fourteen days. The State charged Corralez with Class C felony reckless homicide. Corralez agreed to plead guilty to Class D felony criminal recklessness in exchange for dismissing the Class C felony charge. On appeal, Corralez claimed that the trial court had erred by considering as aggravating the fact that he had originally been charged with

reckless homicide. We held tha, although the trial court should not have considered the fact that Corralez had been charged with a Class C felony as an aggravating factor by itself, the trial court could properly consider "the facts surrounding Corralez' crime." *Id*. at 1026. We therefore held that "the trial court's decision to issue an aggravated sentence was supported by the consideration that a person not only died as a result of Corralez' recklessness but suffered for fourteen days before dying." *Id*.

[12] The same is true here. The trial court did not consider as aggravating that Sharp had been charged with resisting law enforcement. Instead, the trial court simply noted the nature and circumstances of the crime, which included Sharp's actions of resisting law enforcement, as evidence of his disregard for the authority of the law.[1] The trial court used this aggravating circumstance in deciding not to suspend the entirety of Sharp's sentence. Through the plea-bargained dismissal of the resisting charge, Sharp avoided a separate sentence for his conduct, but pursuant to our holding in *Corralez*, it was not improper to consider his conduct as an aggravator.

[13] Sharp also claims that the trial court abused its discretion by rejecting his claims that the eleven grams of cocaine found on his person was for personal use that he obtained through "chance encounters with strangers." Appellant's App. p. 21. Sharp claims that because no evidence contradicted his testimony at the

---

[1] The nature and circumstances of Sharp's crimes were set forth in the probable cause affidavit supporting the charging information, which was included in the presentence investigation report. Sharp did not challenge the veracity or accuracy of the account of his crimes as detailed in the presentence investigation report.

sentencing hearing, the trial court abused its discretion by rejecting his claims and considering this as an aggravating factor. Again, we disagree.

[14] As the trier of fact, the trial court was under no obligation to credit Sharp's self-serving testimony that the relatively large quantity of cocaine[2] found on his possession was merely for personal use. *See Wood v. State*, 999 N.E.2d 1054, 1064 (Ind. Ct. App. 2013) (noting that the trier of fact is not required to believe a witness's testimony even when it is uncontradicted).

[15] Sharp also claims that the trial court erred in finding that he claimed to have bought the cocaine from strangers. Sharp notes that he testified that he obtained the cocaine through a person named "Jimmy," yet he claimed not to know Jimmy's last name. He claimed that he knew Jimmy through another friend, Denise, whom he met at a gas station. However, he claimed not to know Denise's last name either. Again, the trial court was not obligated to believe any of Sharp's testimony. Thus, the trial court's reference to these individuals as strangers is not an abuse of discretion given Sharp's claim not to even know these individuals' last names.

*B. Mitigating Circumstances*

[16] Sharp contends that the trial court abused its discretion by failing to consider two mitigating circumstances that were clearly supported by the record: (1) that

---

[2] The statute in effect at the time when Sharp committed his offense elevated the offense of possession of cocaine to a Class C felony if the amount involved weighed three grams or more. Thus, Sharp possessed almost four times the amount of cocaine required to elevate his crime of possession to a Class C felony.

his crime neither caused nor threatened serious harm to persons or property, and (2) his history of full-time employment.

[17] The finding of mitigating factors is not mandatory and rests within the discretion of the trial court. *Williams v. State*, 997 N.E.2d 1154, 1163-64 (Ind. Ct. App. 2013). The trial court is not required to accept the defendant's arguments as to what constitutes a mitigating factor. *Id*. Further, the trial court is not required to give the same weight to proffered mitigating factors as the defendant does, nor is it obligated to explain why it did not find a factor to be significantly mitigating. *Id*. The trial court does not abuse its discretion by declining to find alleged mitigating circumstances that are highly disputable in nature, weight, or significance. *Jackson v. State*, 973 N.E.2d 1123, 1130-31 (Ind. Ct. App. 2012). The relative weight or value assignable to reasons properly found or those which should have been found is not subject to review for abuse of discretion. *Id.* (citing *Anglemyer,* 868 N.E.2d at 491).

[18] With regard to the first alleged mitigator, that Sharp's crimes did not cause or threaten serious harm to persons or property, we note that Sharp did not advance this for consideration as a mitigator to the trial court. Accordingly, the trial court cannot be said to have abused its discretion by failing to consider this alleged mitigating factor. *See Anglemyer*, 868 N.E.2d at 492 ("the trial court does not abuse its discretion in failing to consider a mitigating factor that was not raised at sentencing.").

[19] With regard to Sharp's employment history, Sharp testified that he had been employed for approximately two months, during which he worked six weeks at one job and two weeks at another. Although we commend Sharp's efforts to maintain employment, we are unable to agree with him that his employment history is a *significant* mitigator that the trial court improperly overlooked.

[20] In summary, we conclude that the trial court did not abuse its discretion in its consideration of aggravating and mitigating circumstances. However, even if we were to conclude otherwise, we will not remand for resentencing if the sentence imposed is not inappropriate. *Williams v. State*, 997 N.E.2d 1154, 1165 (Ind. Ct. App. 2013) (citing *Windhorst v. State*, 868 N.E.2d 504, 507 (Ind. 2007)). As explained below, Sharp's sentence is not inappropriate.

## II.  Appellate Rule 7(B)

[21] Even if a trial court acted within its statutory discretion in imposing a sentence, Article 7, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence imposed by the trial court. *Trainor v. State*, 950 N.E.2d 352, 355-56 (Ind. Ct. App. 2011), *trans. denied* (citing *Anglemyer*, 868 N.E.2d at 491). This authority is implemented through Indiana Appellate Rule 7(B), which provides that the court on appeal "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

[22] Still, we must and should exercise deference to a trial court's sentencing decision because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions. *Id*. Although we have the power to review and revise sentences, the principal role of appellate review should be to attempt to level the outliers and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve what we perceive to be a "correct" result in each case. *Fernbach v. State*, 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), *trans. denied* (citing *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008)). The appropriate question is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate. *Former v. State*, 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). It is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[23] When reviewing the appropriateness of a sentence, we are not "to consider only the appropriateness of the aggregate length of the sentence without considering also whether a portion of the sentence is ordered suspended." *Marley v. State*, 17 N.E.3d 335, 339 (Ind. Ct. App. 2014), *trans. denied* (citing *Davidson v. State,* 926 N.E.2d 1023, 1024 (Ind. 2010)). This does not preclude us from determining a sentence to be inappropriate due to its overall sentence length despite the suspension of a substantial portion thereof, as a defendant on probation is

subject to the revocation of probation and may be required to serve up to the full original sentence. *Id.*

[24] Here, Sharp was convicted of a Class C felony. The sentencing range for a Class C felony is two to eight years, with the advisory sentence being four years. Ind. Code § 35-50-2-6. The trial court imposed a sentence of one year above the advisory but still three years under the maximum. Also, the trial court ordered only two years of the sentence executed, with the remaining three years suspended to probation. With this in mind, we address the nature of the offense and the character of the offender.

[25] Here, the nature of the offense supports the trial court's sentencing decision. Even if we were to ignore the fact that Sharp physically resisted the efforts of the law enforcement officers, it remains that Sharp possessed eleven grams of cocaine, significantly greater than the three grams required to elevate his crime of possession to a Class C felony.

[26] Considering the character of the offender, we note that although Sharp does not have a significant criminal history, he failed to successfully complete his probation on his prior misdemeanor conviction. Moreover, he admittedly used marijuana while the current case was pending. None of this leads us to conclude that Sharp's sentence is inappropriate.

## Conclusion

[27] The trial court did not abuse its discretion in its identification of aggravating factors or in its failure to consider certain factors as mitigating. Furthermore,

Sharp's sentence of five years, with two years executed and three years suspended to probation, is not inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

May, J., and Robb, J., concur.