**Michael T. LEWIS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 02A03–0306–CR–217.**

Court of Appeals of Indiana.

Dec. 31, 2003.

Thomas C. Allen, Fort Wayne, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Appellant–Defendant, Michael T. Lewis (Lewis), appeals the sentence imposed on him as an habitual offender under Ind. Code § 35–50–2–8.

We affirm.

### ISSUES

Lewis raises one issue on appeal, which we restate as follows: whether the trial court abused its discretion by imposing an habitual offender enhancement of thirty years on Count I, unlawful possession of a firearm by a serious violent felon, a Class B felony, I.C. § 35–47–2–23. Specifically, Lewis maintains that the enhancement was excessive given his twenty-year sentence on Count I.

### FACTS AND PROCEDURAL HISTORY

We adopt this court's statement of the facts as set forth in *Lewis v. State*, 769 N.E.2d 243 (Ind.Ct.App.2002).

Lewis was arrested on August 7, 2000, in Fort Wayne, Indiana, following [a] police investigation of a reported "disturbance." Lewis was charged with unlawful possession by a [serious violent felon], carrying a handgun without a license as a Class C felony due to a previous felony conviction, and resisting law enforcement as a Class D felony. Lewis was alleged to be an habitual offender, thus enhancing each charge. He was also charged with a count of resisting law enforcement and a count of failure to stop after an accident causing injury or death, both Class A misdemeanors.

Prior to his jury trial, Lewis filed a motion to dismiss the habitual offender allegation as Part II of the unlawful possession by a [serious violent felon] charge. He alleged that a conviction of unlawful possession by a [serious violent felony] cannot be enhanced by an habitual offender finding. The trial court took the motion under advisement and the case proceeded to jury trial. The jury found Lewis guilty of all charges, and further found him to be an habitual offender based upon the evidence presented by the State during the enhancement phase of the trial. At the sentencing hearing, the trial court essentially granted Lewis' motion to dismiss the proposed habitual enhancement regarding the unlawful possession by a [serious violent felony] conviction:

So, the court will reiterate the fact that we're entering judgment on Count I, Possession of a Firearm by a Serous Violent Felon, a Class B felony. Count III, Resisting Law Enforcement, a Class D felony. Count IV, Resisting Law Enforcement, a Class A misdemeanor. Count V, Failure to Stop after an Accident, a Class A misdemeanor, and Habitual Offender which attaches to Count III only. *It being inappropriate to enhance an already enhanced Count I, Possession of a Firearm by a Serious Violent Felon.*

Tr. of Sentencing Hearing at 9–10 (emphasis added). The trial court sentenced Lewis to a total of twenty-seven and one-half years, which includes a maximum sentence of three years for the Class D felony resisting law enforcement conviction enhanced by an additional four and one-half years due to the habitual offender finding.

Thereafter, Lewis appealed the sufficiency of the evidence of the jury's finding that he was an habitual offender. The State cross-appealed and argued that the unlawful possession of a firearm by a seri-

ous felon, pursuant to I.C. § 35–47–4–5, could be enhanced by an information for an habitual offender. This court agreed with the State that a sentence for unlawful possession of a firearm by a serious violent felon could be enhanced by a habitual offender finding. *See Lewis,* 769 N.E.2d at 249. In particular, we stated that in circumstances in which prior felony convictions used to classify a defendant as a serious violent felon and to classify him as an habitual offender are different, there is no impediment to imposing an habitual offender enhancement upon a sentence for unlawful possession by a serious violent felon. *Id.* Thus, this court remanded the case to the trial court for re-sentencing consistent with the opinion.

On March 7, 2003, a re-sentencing hearing was held. At the re-sentencing hearing, the trial court enhanced the Count I, Class B felony, for an additional term of thirty years as an habitual offender. In sentencing Lewis, the trial court stated, in pertinent part:

> We're here for an additional or amended or corrected sentencing hearing pursuant to the opinion of the Indiana Court of Appeals, in their opinion rendered June 6, 2002. Reiterate of course the findings of the court, finding [Lewis] guilty of Count I, Possession of a Firearm by a Serious Violent Felon, a Class B felony. Count III, Resisting Law Enforcement, a Class D felony. Count IV, Resisting Law Enforcement, a Class A misdemeanor. Count V, Failure to Stop After an Accident Resulting in Injury or Death, a Class A misdemeanor, and further based upon the jury's finding, find that [Lewis] is in fact an habitual offender. Find as I did in August, on August 22, 2001, that there are substantial aggravating circumstances in [Lewis'] criminal history, and that at that time there were no mitigating circumstances. We're in a bit of an unusual circumstance in that time has passed and [Lewis] has accrued some additional circumstances in his institutional record. I will find that in his institutional record there is or are mitigating circumstances in the efforts that he has made, earning a GED or high school diploma, which ever, and attending other educational classes, which would constitute mitigating circumstances. Further find that his institutional conduct record would constitute aggravating circumstances such that they tend to offset one another and would have no substantial impact on the court's judgment. Would order [Lewis] to the Department of Corrections for a period of 20 years on Count I, as I did on August 22, 2001, 20 years on Count I, 3 years on Count III, 1 year on Count IV, 1 year on Count V. The terms in Count IV and V to run concurrent with Count III and consecutive to Count I, which now brings us squarely to the issue that we all believe that we were in and that is to discuss where the habitual offender is appropriately tied or what sentence is enhanced. Of course [it] makes a significant difference whether it's a B felony or D felony in as much as the proper enhancement is a term of up to three times ... 1 time to 3 times the presumptive term. In fact, as a matter of historical precedent of my own and I suppose the Allen Superior Court as much as I can recall, but certainly of my own and that is to attach an enhancement to the highest felony, that's what makes sense. That if we're to make it an enhanced sentence, you enhance the most serious offense, and I think it is relatively clear in the courts remarks cited in the opinion that but for my mistaken belief that the serious violent felon count could not be enhanced additionally, that is what I would have enhanced. The Court of Appeals now hav-

ing determined in their decision that it may be enhanced, I will order that [Lewis] be committed to the Department of Corrections for an additional term of 30 years, which is an enhancement of Count I, the Class B felony.

(Transcript pp. 17–9). Additionally, the trial court granted Lewis credit for 311 days served in jail as of August 22, 2001.

Lewis now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

Lewis argues that the trial court erred in imposing a thirty-year habitual offender enhancement on his conviction for Count I, unlawful 'possession of a firearm by a serious violent felon, a Class B felony. Specifically, Lewis contends that the trial court failed to attach any significant weight to the proffered mitigating factors when imposing his thirty-year enhancement because of his habitual offender adjudication. As a result, Lewis maintains that the sentence was excessive and an abuse of discretion by the trial court.

Conversely, the State maintains that the trial court properly balanced Lewis' aggravating and mitigating factors and properly declined to attach any significant weight to Lewis' proffered mitigating factors. Additionally, the State asserts that the trial court properly enhanced Lewis' sentence, given his extensive prior criminal history.

■ However, we find that both Lewis' and the State's arguments are misplaced. In particular, Lewis' habitual offender status is a status offense mandated by I.C. § 35–50–2–8; thus, it is not a criminal offense. Therefore, in determining Lewis' habitual offender enhancement, the trial court was not required to identify and balance any mitigating or aggravating circumstances. Rather, the habitual offender enhancement is within the trial court's discretion.

In the present case, Lewis was sentenced to twenty years for the underlying offense, *i.e.* unlawful possession of a firearm by a serious felon, a Class B felony.[1] In addition, for Lewis' habitual offender status, the trial court could have added up to three times the presumptive sentence:

> The court shall sentence a person found to be a habitual criminal to an additional fixed term that is not less than the presumptive sentence for the underlying offense nor more than three (3) times the presumptive sentence for the underlying offense. However, the additional sentence may not exceed thirty (30) years.

I.C. § 35–50–2–8(e). Thus, the trial court could have enhanced the sentence within the range of ten years and thirty years. Here, the trial court sentenced Lewis to thirty years, which is clearly within the range authorized by statute. *See* I.C. § 35–50–2–8(e).

■ Lewis now argues that the trial court abused its discretion by imposing the maximum allowable enhancement given his proffered mitigating circumstances. However, as mentioned above, the trial court was not required to neither accept nor weigh any aggravating and mitigating circumstances when imposing the habitual offender enhancement. Rather, an habitual offender determination pursuant to I.C. § 35–50–2–8, is merely the trier of fact's determination that the defendant has accumulated two prior unrelated felonies. *See Lewis*, 769 N.E.2d at 249–50; *see also* I.C. § 35–50–2–8. Consequently, when a de-

---

1. The presumptive sentence for a Class B felony is ten years, with not more than ten years added for aggravating circumstances, and not more than four years subtracted for mitigating circumstances. *See* I.C. § 35–50–2–5.

fendant appeals an habitual offender enhancement, that defendant is essentially challenging the trial court's determination of whether the defendant has accumulated two prior unrelated felonies.

 Nonetheless, Lewis does not challenge the trial court's habitual offender finding in the instant case.[2] Instead, Lewis argues that the trial court failed to attach any significant weight to his proffered mitigating circumstances when imposing the thirty-year habitual offender enhancement. However, it is within the underlying felony, *i.e.* Lewis' sentence of twenty years for unlawful possession of a firearm by a serious violent felon, a Class B felony, that the trial court is required to identify and balance aggravating and mitigating circumstances. *See Powell v. State,* 751 N.E.2d 311, 314 (Ind.Ct.App.2001). Nevertheless, the record reveals that Lewis did not raise this argument in his first appeal. Therefore, we find that this argument is waived for our review. *See Wilcoxen v. State,* 705 N.E.2d 198, 201 (Ind. Ct.App.1999) (if an issue is available on direct appeal but not advanced, it is deemed waived for review on a subsequent appeal).

Accordingly, we find that it was within the trial court's discretion to sentence Lewis based upon his habitual offender status. We further conclude that the trial court did not abuse its discretion in imposing an habitual offender enhancement of thirty-years on Count I, unlawful possession of a firearm by a serious violent felon, a Class B felony. Accordingly, we hold that the trial court properly sentenced Lewis.

### CONCLUSION

Based on the foregoing, we conclude that the trial court properly imposed an

habitual offender enhancement of thirty-years on Lewis' conviction for Count I, unlawful possession of a firearm by a serious violent felon, a Class B felony.

Affirmed.

SULLIVAN and FRIEDLANDER, JJ., concur.

---

2. We note that, Lewis did challenge the sufficiency of the evidence on his habitual offender status in his direct appeal. However, this court determined that the evidence was sufficient to sustain his adjudication as an habitual offender. *See Lewis,* 769 N.E.2d at 247.