David FIELDS, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 15A01–0511–CR–525.

Court of Appeals of Indiana.

Aug. 24, 2006.

Transfer Denied Nov. 8, 2006.

 

Alison T. Frazier, Alcorn Goerig & Sage, LLP, Madison, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Matthew D. Fisher, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

CRONE, Judge.

### Case Summary

David Fields challenges his sentence for attempted robbery, a class A felony; burglary, a class A felony; and conspiracy to commit burglary, a class B felony. We affirm.

### Issues

We restate the issues as follows:

I.    Whether the trial court violated Post–Conviction Rule 1(b) by declining to suspend any portion of Fields's sentence on remand;

II.   Whether Fields has waived the issue of appropriateness of his sentence; and

III.  Whether Fields's sentence is appropriate in light of his character and the nature of his offenses.

### Facts and Procedural History

In 2000, Fields's co-defendants, Michael Green and Nathan Haas, burglarized the home of Larry and Judith Pohlgeers in Dearborn County. Green and Haas took $850 from a dresser drawer. Using information gained in the first burglary, Green, Haas, Fields, and Brian Allen planned a second burglary. On August 2, 2002, they went to scope out the Pohlgeerses' home, but left because there were too many people present. On August 4, 2002, they again went to scope out the residence.

On August 5, 2002, Fields and his co-defendants decided to go ahead with the burglary. They were dressed in black, and Fields and Green wore pantyhose over their heads. They wore latex gloves and brought with them some pipes that they had covered in electrical tape. The Pohlgeerses were at home watching television. Fields and Green went inside, while Haas and Allen kept watch outside. Green attacked Mrs. Pohlgeers, and Fields attacked Mr. Pohlgeers, hitting them on the head with the pipes they had brought. They searched the dresser for money, but left when they did not find any.

As a result of the attack, the Pohlgeerses both required stitches. Mr. Pohlgeers was sixty-seven years old and recovering from hip replacement surgery at the time of the attack. He was left with a permanent crease in his skull where Fields had hit him with a pipe. He has had ringing in his ears ever since. Mrs. Pohlgeers was sixty-five years old at the time of the attack and has permanent hearing loss in one ear from her injuries. The Pohlgeers no longer felt safe in their home, and family members did not want to visit there anymore. Therefore, they sold the home and incurred a loss on the sale.

The similarity of the second burglary to the first led the police to suspect Green and Haas. Their investigation of the two men led them to Fields as well. When Fields heard that the police were looking for him, he turned himself in. Fields was charged with attempted robbery, a class A felony; conspiracy to commit robbery, a class A felony; burglary, a class A felony; conspiracy to commit burglary, a class A felony; aggravated battery, a class B felony; and battery with a deadly weapon, a class C felony. On September 25, 2003, he entered a plea agreement, in which he agreed to plead guilty to attempted rob-

bery, conspiracy to commit robbery, burglary, and conspiracy to commit burglary. The battery charges were dropped, and the conspiracy to commit robbery conviction was merged with the attempted robbery conviction.

Fields was originally sentenced to three consecutive terms of fifty years, with twenty-one years suspended. As aggravating circumstances, the trial court found the age of the victims, that Fields had violated probation, that the victims were left with permanent injuries, Fields's criminal history, and the calculating method in which the offenses were carried out. As mitigating circumstances, the trial court found that Fields had cooperated with the authorities and that his incarceration would be a hardship on his children. The trial court accorded little weight to these mitigators. On direct appeal, our court reversed Fields's sentence, holding that the 150–year sentence exceeded the trial court's statutory authority and that there was an insufficient factual basis to convict him of conspiracy to commit burglary as a class A felony. *Fields v. State*, 825 N.E.2d 841, 847, 849 (Ind.Ct.App.2005), *reh'g denied, trans. denied.*[1] The case was remanded with instructions to sentence Fields for conspiracy to commit burglary as a class B felony and to impose a total sentence of no more than 105 years. *Id.*

On October 12, 2005, a re-sentencing hearing was held. During the hearing, the trial court stated that "criminal history is

an aggravating circumstance here to sentence the defendant beyond the presumptive or advisory sentence and with the way that he treated Mr. and Mrs. Pohlgeers and also … he is a predator." Re-sentencing Tr. at 21. In its re-sentencing order, the trial court cited Fields's record of criminal activity and violence as aggravating circumstances and his entering a plea agreement as a mitigating circumstance. The trial court sentenced Fields to fifty years for attempted robbery, fifty years for burglary, and five years for conspiracy to commit burglary, for an aggregate sentence of 105 years executed.

### Discussion and Decision

#### I. Propriety of Sentence under Post–Conviction Rule 1(10)(b)

■ Fields asserts that his sentence violates Indiana Post–Conviction Rule 1(10)(b), which provides:

> If a sentence has been set aside pursuant to this rule and the successful petitioner is to be resentenced, then the sentencing court shall not impose a more severe penalty than that originally imposed unless the court includes in the record of the sentencing hearing a statement of the court's reasons for selecting the sentence that it imposes which includes reliance upon identifiable conduct on the part of the petitioner that occurred after the imposition of the original sentence, and the court shall give credit for time served.[2]

---

**1.** Our Court found that the factual basis did not support a conviction for conspiracy to commit burglary as a class A felony. *Fields,* 825 N.E.2d at 848. The overt act alleged by the State was the fact that the co-defendants scoped out the residence. This fact supports conspiracy to commit burglary as a class B felony, since they planned to enter a residence. *Id.* at 848–49. However, the factual basis did not show that they planned to inflict bodily injury, which is required for a class A felony. *Id.* at 849.

Our Court also concluded that Fields's offenses were part of the same criminal episode. *Id.* at 846. Therefore, he could only get a maximum of fifty years for burglary, and a maximum of fifty-five years for the remaining offenses, for a total of 105 years. *Id.* at 847.

**2.** We note that Post–Conviction Rule 1(10)(b) says that it applies when "a sentence has been set aside pursuant to this rule." Fields's conviction was set aside on direct appeal and not under the Post–Conviction Rules. However,

Fields asserts that his new sentence is more severe than his original sentence because no portion of his new sentence is suspended. Fields has found no cases supporting his contention that a new, lesser sentence must maintain a proportionate amount of suspended time in order to comport with Post–Conviction Rule 1(10)(b). We find his argument to be without merit. Fields's new sentence is shorter than his original sentence by forty-five years. Furthermore, under his original sentence, Fields could have been placed on probation after sixty-four and a half years if he earned good time credit. *See* Ind.Code § 35–50–6–3 (allowing offenders to earn one day of credit for each day served). Under his new sentence, Fields can be released after fifty-two and a half years without having to spend any time on probation. Therefore, we hold that the trial court did not violate Post–Conviction Rule 1(10)(b).

## II. Waiver

■ Fields challenges the appropriateness of his sentence pursuant to Indiana Appellate Rule 7(B). The State, however, asserts that Fields has waived review of the appropriateness of his sentence because the issue was not raised in his first appeal. The State cites *Lewis v. State,* 800 N.E.2d 996, 1000 (Ind.Ct.App.2003). In that case, the defendant had already appealed his conviction, asserting that the evidence was insufficient. The State had cross-appealed, arguing that his sentence should have been enhanced by a habitual offender finding. Our Court agreed with the State and remanded the case for re-sentencing. The defendant appealed his new sentence, arguing that the trial court did not give due consideration to his proffered mitigating factors. However, we

our supreme court has cited this rule with approval in the direct appeal context. *Hicks*

held that the mitigators went to the underlying charges rather than the habitual offender enhancement. *Id.* Because the defendant had not challenged the trial court's weighing of aggravators and mitigators in his first appeal, the issue was waived. *Id.*

*Lewis,* however, does not stand for the proposition that a defendant who does not seek an appropriateness review on the first appeal necessarily waives that issue if he is later re-sentenced. A defendant will not know at the time of his first appeal which aggravators and mitigators the trial court will consider and how the court will weigh them upon re-sentencing. Furthermore, since Fields's original sentence was not statutorily authorized, the appropriateness of the sentence was irrelevant to his first appeal. *See Reffett v. State,* 844 N.E.2d 1072, 1073 (Ind.Ct.App.2006) (court did not reach the issue of appropriateness where it determined that the sentence was illegal). Therefore, we conclude that Fields did not waive the issue of appropriateness.

## III. Appropriateness of the Sentence

■ Fields asserts that the trial court abused its discretion in its weighing of certain aggravators and mitigators and that the resulting sentence is inappropriate. Appellate Rule 7(B) allows us to "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Article VII, Section 6 of the Indiana Constitution authorizes us to review and revise sentences of criminal defendants according to the rules prescribed by the Indiana Supreme Court.

*v. State,* 729 N.E.2d 144, 146 (Ind.2000).

We note that Fields has argued that some of the aggravating circumstances considered by the trial court were improper. However, we do not reach those arguments because we believe that his sentence is justified on the basis of his criminal history alone. Fields has a prior conviction for robbery, a conviction for domestic violence, and two convictions for receiving stolen property. These are all property crimes or crimes of violence, and therefore all bear a relationship to the current offense and to Fields's character.

The trial court considered the fact that Fields entered into an open plea as a mitigator. However, the State agreed to drop two felony charges in exchange for his guilty plea. Fields received a significant benefit from the plea, and therefore it does not reflect as favorably upon his character as it might otherwise. *See Wells v. State*, 836 N.E.2d 475, 479 (Ind.Ct.App. 2005) ("[A] guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one."). In fact, the trial court found that Fields displayed "a complete lack of remorse." Sentencing Tr. at 2.

The hardship to his children likewise should have little effect on his sentence since his children will be grown by the time he is released regardless of the sentence he receives. Fields also argues that his "youth" should be taken into account. Appellant's Br. at 14. However, he was twenty-seven at the time of the offense. *Cf. Pagan v. State*, 809 N.E.2d 915, 928 (Ind.Ct.App.2004) (age was considered a mitigating circumstance where the defendant was eighteen at the time of the offense).

Although two of Fields's offenses have already been elevated to class A felonies because of the injuries the victims sus-

tained, the nature of the offenses justifies an enhanced sentence. Fields and his co-defendants chose a vulnerable elderly couple that had already been victimized once. Given the Pohlgeers' inability to defend themselves, the use of force appears to have been entirely gratuitous. The careful planning of the offense also indicates a cold, calculating disregard of the victims and of the law. Under these circumstances, we cannot say that Fields's sentence was inappropriate.

Affirmed.

BAILEY, J., concurs.

KIRSCH, C.J., concurs in part, and dissents in part with separate opinion.

KIRSCH, Chief Judge, concurring in part and dissenting in part.

I fully concur with the majority's resolution of the issues relating to the sentence on remand and waiver, but I respectfully dissent from its holding that the 105–year sentence imposed by the trial court on remand is appropriate.

Fields' crimes were heinous and deserving of a substantial executed sentence; similarly, his criminal history justifies an enhanced sentence. That said, however, neither Fields' crimes, nor his criminal history, are egregious enough to justify a sentence in excess of one hundred years. Accordingly, I would exercise our responsibility to review and revise criminal sentences under Article VII, Section 6 of the Indiana Constitution, and impose an executed sentence of seventy years.