**Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JEFFREY E. STRATMAN**
Aurora, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THOMAS CARR, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 15A01-1202-CR-67 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DEARBORN CIRCUIT COURT
The Honorable James D. Humphrey, Judge
Cause Nos. 15C01-1105-FB-15, 15C01-1105-FB-16

**October 4, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Thomas A. Carr appeals the forty-year cumulative sentence he received for two counts of Class B felony robbery while armed with a deadly weapon[1] and two counts of possession of a firearm by a serious violent felon.[2] He alleges his sentence is inappropriate. We affirm.

## FACTS AND PROCEDURAL HISTORY

For robbery of a gas station on May 10, 2011, the State charged Carr with Class B felony robbery with a deadly weapon and Class B felony possession of a firearm by a serious violent felon. Under a separate cause number, for a bank robbery on May 13, 2011, the State charged Carr with Class B felony robbery while armed with a deadly weapon; Class B felony possession of a firearm by a serious violent felon; Class B felony criminal confinement with a deadly weapon;[3] Class D felony receiving stolen property;[4] Class D felony resisting law enforcement;[5] and Class A misdemeanor resisting law enforcement.[6]

Carr agreed to plead guilty under each cause number to Class B felony robbery with a deadly weapon and Class B felony possession of a firearm by a serious violent felon. In exchange, the State agreed to dismiss the remaining charges against Carr and to set a forty-year cap on sentencing. The court accepted the plea and entered the four convictions.

After hearing evidence and arguments regarding sentencing, the court found Carr's criminal history, the nature and circumstances of the crime, and the impact on the victims to be significant aggravators. The court found Carr's plea was a mitigator, but did not assign

---

[1] Ind. Code § 35-42-5-1.
[2] Ind. Code § 35-47-4-5.
[3] Ind. Code § 35-42-3-3(a)(1)(b)(2)(A).
[4] Ind. Code § 35-43-4-2.
[5] Ind. Code § 35-44-3-3(a)(3)(b)(1)(A).
[6] Ind. Code § 35-44-3-3(a)(3).

much weight to it as there was "overwhelming evidence of guilt." (App. at 194.) The court considered other possible mitigators argued by Carr – including the circumstances of his childhood, the birth of his son, and his expression of remorse – and declined to find mitigators therein. The court ordered a forty-year cumulative sentence: a twenty-year sentence for each conviction, with the two sentences within each cause number to be served concurrently and the sentences for the two cause numbers to be served consecutively.

## DISCUSSION AND DECISION

Carr alleges his sentence is inappropriate. We may revise a sentence if it is inappropriate in light of the nature of the offense and the character of the offender. *Williams v. State*, 891 N.E. 2d 621, 633 (Ind. Ct. App. 2008) (citing Ind. Appellate Rule 7(B)). Our review is deferential to the trial court's decision, and our goal is to determine whether Carr's sentence is inappropriate, not whether some other sentence would be more appropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). We consider not only the aggravators and mitigators found by the trial court, but also any other factors appearing in the record. *Roney v. State*, 872 N.E.2d 192, 206 (Ind. Ct. App. 2007), *trans. denied.* The appellant bears the burden of demonstrating his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

When considering the nature of the offense,[7] the advisory sentence is the starting point

---

[7] The State asserts Carr waived his inappropriateness argument because he did not discuss why his sentence is inappropriate for his crime. (Br. of Appellee at 7.) *See*, *e.g.*, *Williams v. State*, 891 N.E.2d 621, 633 (Ind. Ct. App. 2008) ("revision of a sentence under Indiana Appellate Rule 7(B) requires the appellant to demonstrate that his sentence is inappropriate in light of *both* the nature of his offenses and his character") (emphasis in original). As Carr notes in his Reply Brief, his Argument did address the nature and circumstances of his crime. (*See* Appellant's Br. at 6.) Thus, we address the merits of Carr's inappropriate sentence argument.

to determine the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g* 878 N.E.2d 218 (Ind. 2007). The advisory sentence for a Class B felony is ten years, with a range of six to twenty years. Ind. Code § 35-50-2-5. Carr received twenty-year sentences for each of his crimes, but the court ordered some sentences served concurrently to comply with the forty-year cap imposed by the plea agreement. It is this forty-year sentence that we review. *See Pierce v. State*, 949 N.E.2d 349, 352 (Ind. 2011) (noting our "'review should focus on the forest--the aggregate sentence--rather than the trees--consecutive or concurrent, number of counts, or length of the sentence on any individual count'") (quoting *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008)).

One factor we consider when determining the appropriateness of a deviation from the advisory sentence is whether there is anything more or less egregious about the offense committed by the defendant that makes it different from the "typical" offense accounted for by the legislature when it set the advisory sentence. *Rich v. State*, 890 N.E.2d 44, 54 (Ind. Ct. App. 2008), *trans. denied*. Here, the trial court specifically found the nature and circumstances of Carr's crimes to be "significant" aggravators because, during the bank robbery, he intentionally parked his car in a manner that would require investigating officers to approach his car while he was armed and because, during the gas station robbery, the manner in which he brandished his weapon while demanding money so traumatized the cashier that at sentencing she was still unable to discuss the events. (App. at 193.) In light of the evidence in the record to support the court's findings, and despite Carr's arguments to the contrary, we cannot find Carr's sentence inappropriate on this basis.

4

When considering the character of the offender, one relevant fact is the defendant's criminal history. *Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). The significance of criminal history in assessing a defendant's character varies based on the gravity, nature, and number of prior offenses in relation to the current offense. *Id.* Prior to the four convictions at issue herein, Carr had convictions under three separate cause numbers: one for disorderly conduct in 2004, one for carrying a concealed weapon in 2005, and one for aggravated robbery in 2005. Despite prior incarceration for robbery and possession of a firearm, and while still on probation for those convictions, Carr committed two additional robberies involving the use of a firearm.

Carr has not demonstrated his forty-year sentence is inappropriate in light of his character and his offenses,[8] and we accordingly affirm.

Affirmed.

NAJAM, J., and KIRSCH, J., concur.

---

[8] Carr asserts a number of other mitigators and argues his sentence is inappropriate because the court did not give them any weight. However, the appropriateness of Carr's sentence does not depend on whether the court abused its discretion in declining to find mitigators, but rather whether, in light of all the evidence regarding Carr's character and offenses, his sentence is inappropriate. *See* Appellate Rule 7(B). We may not review the "weight" assigned by a trial court to aggravators and mitigators. *See Anglemyer*, 868 N.E.2d at 491. To the extent Carr's argument is that the court abused its discretion by failing to find those alleged mitigators, he has waived the argument because he did not provide cogent argument for such separate issue. *See King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008) ("inappropriate sentence and abuse of discretion claims are to be analyzed separately"); *and see* Ind. App. R. 46(A)(8) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning."). Waiver notwithstanding, we note the court did, in fact, assign some mitigating weight to Carr's guilty plea; it did not assign "substantial weight" because Carr received a benefit from his plea and because the evidence of Carr's guilt was "overwhelming." (App. at 194.) Thus, Carr has not demonstrated error. *See Fields v. State*, 852 N.E.2d 1030, 1034 (Ind. Ct. App. 2006) (guilty plea does not necessarily reflect positively on defendant's character if he received a significant benefit from plea), *trans. denied.* Nor, in light of the trial court's authority to assess the credibility of the witnesses and weigh the evidence, could we find fundamental error in the court's rejection of Carr's other alleged mitigators.