## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 01 2016, 5:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Scott L. Barnhart
Brooke Smith
Keffer Barnhart, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Tyler G. Banks
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jerald Clark, III, *Appellant-Defendant,* | September 1, 2016 |
| v. | Court of Appeals Case No. 82A01-1602-CR-386 |
| | Appeal from the Vanderburgh Circuit Court |
| State of Indiana, *Appellee-Plaintiff.* | The Honorable Michael J. Cox, Magistrate Judge |
| | Trial Court Cause No. 82C01-1507-F5-3991 |

**May, Judge.**

Jerald Clark, III, appeals his eight and one-half year sentence for Level 6 felony auto theft with habitual offender enhancement,[1] Level 6 felony resisting law enforcement with habitual offender enhancement,[2] Level 6 felony operating a vehicle while privileges are suspended,[3] Class A misdemeanor resisting law enforcement,[4] and two counts of Class A misdemeanor leaving the scene of an accident with bodily injury.[5] Additionally, Clark appeals the accuracy of the sentencing order. The trial court did not abuse its discretion by declining to find mitigators, but the sentencing order is inaccurate. Accordingly we affirm and remand.

## Facts and Procedural History

On July 7, 2015, Clark stole a car, confined his ex-girlfriend in it, fled from police, collided with two other vehicles, and then fled on foot before being apprehended by police. On January 4, 2016, Clark entered a plea agreement with the State regarding the seven crimes with which he was charged on July 10, 2015. The State dismissed a Level 5 felony criminal confinement charge,

---

[1] Ind. Code § 35-43-4-2.5 (2014) and Ind. Code § 35-50-2-8 (2015).

[2] Ind. Code § 35-44.1-3-1 (2014) and Ind. Code § 35-50-2-8 (2015).

[3] Ind. Code § 9-30-10-16 (2015).

[4] Ind. Code § 35-44.1-3-1 (2014).

[5] Ind. Code § 9-26-1-1.1 (2015).

together with its attendant habitual offender allegation, and Clark pled guilty to the remaining six crimes.

[3] Clark requested mercy at the sentencing hearing due to his extensive history of substance abuse. The trial court made a comprehensive sentencing statement wherein it detailed Clark's "exquisite" criminal history, (Tr. at 15), found the injuries and damages to the victims were "significant," (*id.* at 16), and did "not find any mitigating factors." (*Id.*) The trial court imposed a two and one-half year sentence for auto theft (Count II), which it enhanced by six years for a habitual offender finding; a two and one-half year sentence for felony resisting law enforcement (Count III), which it enhanced by six years for a habitual offender finding; two and one-half years for operating a vehicle after being a habitual traffic offender (Count IV); and one year each for the misdemeanors (Counts V, VI, & VII). The court noted the underlying offense sentence in Count II and the habitual offender enhancement sentence "are to run consecutively to one another." (*Id.* at 16.) It ordered likewise for the Count III sentence and then ordered "Counts II, III, IV, V, VI and VII shall run concurrently with one another for a total period of incarceration of 8½ years." (*Id.* at 18.)

# Discussion and Decision

## Mitigating Circumstances

[4] Clark asserts the trial court abused its discretion when sentencing him because it did not find any mitigating circumstances. He claims the court should have

found his guilty plea, his extensive substance abuse problems, and his remorse to be mitigating factors.

[5] When the trial court imposes a sentence within the statutory range, we review for an abuse of discretion. *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (Ind. 2007). We may reverse a decision that is "clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* (quoting *In re L.J.M .,* 473 N.E.2d 637, 640 (Ind. Ct. App. 1985)). Our review of the trial court's exercise of discretion in sentencing includes an examination of its reasons for imposing the sentence. *Id.* "This necessarily requires a statement of facts, in some detail, which are peculiar to the particular defendant and the crime . . . [and] such facts must have support in the record." *Id.*

[6] The trial court is not required to find mitigating circumstances. *Fugate v. State,* 608 N.E.2d 1370, 1374 (Ind. 1993). When a defendant offers evidence of mitigators, the trial court has the discretion to determine whether the factors are mitigating, and it is not required to explain why it does not find the proffered factors to be mitigating. *Taylor v. State,* 681 N.E.2d 1105, 1112 (Ind. 1997). However, a court abuses its discretion if it does not consider significant mitigators advanced by the defendant and clearly supported by the record. *Anglemyer,* 868 N.E.2d at 490.

[7] The court did not abuse its discretion by failing to declare Clark's guilty plea a mitigator, as he received significant benefit from the plea bargain. *See Fields v. State*, 852 N.E.2d 1030, 1034 (Ind. Ct. App. 2006) (when defendant receives significant benefit, plea "does not reflect as favorably upon [defendant's] character as it might otherwise"), *trans. denied.* In return for Clark's guilty plea, the State agreed to drop the most serious charge, Level 5 felony criminal confinement. A conviction thereof could have increased Clark's possible underlying sentence from two and one-half years to six years. *Compare* Ind. Code § 35-50-2-6(b) (Level 5 felony carries a maximum six years), *with* Ind. Code § 35-50-2-7(b) (Level 6 felony carries a maximum two and one-half years). In addition, if Clark had been convicted of the Level 5 felony, he would have been qualified to be assigned only to "Class B" as a prisoner and could have only "earn[ed] one (1) day of good time credit for every three (3) days" he was imprisoned. *See* Ind. Code § 35-50-6-3.1(c) and Ind. Code § 35-50-6-4 (b). As the State dismissed the Level 5 felony and Clark was convicted only of the Level 6 felony, he qualifies to be assigned to "Class A" and can "earn[] one (1) day of good time credit for each day" he is imprisoned. *See* Ind. Code § 35-50-6-3.1(b) and Ind. Code § 35-50-6-4(a). As such, Clark received significant benefit for his guilty plea.

[8] Clark's assertion the court should have found his substance abuse issues to be a mitigator is not supported by the record as he has not taken advantage of prior court orders to complete substance abuse treatments. Clark was twice found in contempt for failing to complete substance abuse counseling and treatment. As

a youth, Clark did not complete the Youth Alcohol Program (YAP) and was ordered to serve his sentence incarcerated instead. Although Clark has a fourteen-year criminal history involving substance abuse, he has not resolved his substance abuse issues. In such a circumstance, the court was not required to find a mitigator. *See Caraway v. State,* 959 N.E.2d 847, 952 (Ind. Ct. App. 2011) (no error when trial court found as an aggravator that Caraway recognized addiction but did not seek treatment), *trans. denied.*

[9] Finally, Clark's assertions regarding his remorse are not supported by the record. He did "ask for mercy of the Court . . . I need some kind of treatment . . . for my, uh, addiction to come out to society and be a better person." (Tr. at 4.) However, when the trial court was explaining the possible sentence, Clark stated "since I signed the plea, I'd look more towards 2 [years] than 6 [years.]" (Tr. at 12.) The trial court went to great lengths to be sure Clark understood the habitual offender enhancement would increase his sentence. Still, instead of expressing remorse for his actions, Clark said, "I didn't think there was anyway [sic] possible I could be facing anywhere remotely close to 8½ years on Level 6's, you know." (*Id.* at 13.) We find no error in the trial court not recognizing Clark as remorseful. *See Chambliss v. State*, 746 N.E.2d 73, 78-79 (Ind. 2001) (trial court did not abuse its discretion when it did not recognize remorse as a mitigating circumstance, even though the defendant read a note to the family of the victim and defendant's attorney referred to his remorse during the hearing).

## Sentencing Order

Clark asserts the sentencing order is not clear enough because it says all the sentences should be served both consecutively and concurrently. As it is impossible to serve the sentences both consecutively and concurrently, we agree the order must be corrected. The State asserts the underlying felony sentences and the habitual offender sentences should not be listed separately. We agree. *See Hendrix v. State*, 759 N.E.2d 1045, 1048 (Ind. 2001) ("habitual offender finding does not constitute a separate crime nor does it result in a separate sentence"). Accordingly, we remand for the trial court to clarify and correct the sentencing order.

# Conclusion

As the trial court did not abuse its discretion when it found no mitigating factors, we affirm Clark's sentence. However, we remand the sentencing order for clarification and correction.

Affirmed and remanded.

Kirsch, J., and Crone, J., concur.