## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



ATTORNEY FOR APPELLANT

Leanna Weissmann
Lawrenceburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Supervising Deputy
Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jack Wonderly,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

January 22, 2019

Court of Appeals Case No.
18A-CR-1888

Appeal from the LaGrange
Superior Court

The Honorable Lisa Bowen-Slaven, Judge

Trial Court Cause No.
44D01-1710-F4-18

**Robb, Judge.**

# Case Summary and Issue

[1] Jack Wonderly pleaded guilty to burglary, a Level 4 felony, and was sentenced to eight years in the Indiana Department of Correction with two years suspended to probation. Wonderly now appeals his sentence, raising the sole issue of whether his sentence is inappropriate in light of the nature of his offense and his character. Concluding the sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2] On October 20, 2017, Wonderly and at least one other individual drove to the home of Michael and Karen Strawser. Wonderly and his companion gained entry to the detached garage of the home by kicking in the back door. Once inside, the two attached a log chain from a truck to a gun safe containing fourteen firearms and pulled the safe out of the garage and across the lawn, eventually lifting the safe into the back of the truck. A coin collection valued at $7,000 and three briefcases were also stolen.

[3] On October 24, 2017, the State charged Wonderly with burglary, a Level 4 felony; two counts of theft, both Level 6 felonies; and possession of marijuana, a Class B misdemeanor. Wonderly pleaded guilty to burglary, a Level 4 felony, in exchange for the State dismissing the remaining counts.

[4] At the sentencing hearing, Wonderly apologized to the victims but explained that at the time he went to their residence, he did not know that he would be participating in a crime. The trial court found Wonderly's acceptance of

responsibility as a mitigating factor but stated that the court did "not find it credible that [Wonderly] didn't know what [he] [was] doing that night or that day." Transcript of Evidence, Volume II at 15. The trial court noted Wonderly's "extensive criminal history" as an aggravating factor. *Id.*

[5] Wonderly argued for a sentence of six years executed with four years suspended. The State countered with a sentence of ten years executed with two years suspended. The trial court accepted Wonderly's guilty plea, entered judgment of conviction, and sentenced Wonderly to eight years executed in the Indiana Department of Correction with two years suspended to probation. The trial court also recommended that Wonderly receive a substance abuse assessment and complete all recommended treatment while he is incarcerated. Wonderly now appeals.

# Discussion and Decision

## I.  Standard of Review

[6] Article 7, Section 6 of the Indiana Constitution provides this court with the authority to review and revise a criminal sentence. Indiana Appellate Rule 7(B) provides this court with the authority to revise a sentence "if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Because a trial court's judgment "should receive considerable deference[,]" our principal role is simply to "leaven the outliers[.]" *Cardwell v. State*, 895 N.E.2d 1219, 1222-25 (Ind. 2008). "Such deference should prevail

unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). The defendant bears the burden to persuade this court that his or her sentence is inappropriate, *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006), and we may rely on any factors appearing in the record, *Stokes v. State*, 947 N.E.2d 1033, 1038 (Ind. Ct. App. 2011), *trans. denied*.

## II. Inappropriate Sentence

### A. Nature of the Offense

[7] First, Wonderly asserts that his sentence is inappropriate in light of the nature of his offense. The nature of the offense compares the defendant's actions with the required showing to sustain a conviction under the charged offense. *Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013), *trans. denied*. As always, the advisory sentence is the starting point for determining the appropriateness of a sentence. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g,* 875 N.E.2d 218 (2007). The sentencing range for a Level 4 felony is two to twelve years, with an advisory sentence of six years. Ind. Code § 35-50-2-5.5. Thus, Wonderly's ten-year sentence is two years less than the maximum sentence but four years greater than the advisory sentence.

[8] The nature of the offense is found in the details and circumstances surrounding the offense and the defendant's participation therein. *Perry v. State*, 78 N.E.3d

1, 13 (Ind. Ct. App. 2017). Here, Wonderly and a companion kicked in the door of a detached garage and stole three brief cases, a valuable coin collection, and a gun safe housing fourteen firearms. We observe that apparently neither Wonderly nor his companion were armed at the time of the burglary and that they broke into a detached garage as opposed to a residence. *See Frye v. State,* 837 N.E.2d 1012, 1014 (Ind. 2005) (noting that similar facts "decreased the likelihood of violence."). However, the "absence of physical harm is not an automatic mitigating circumstance such that it would require a lesser sentence than would otherwise be imposed." *Neale v. State*, 826 N.E.2d 635, 638 (Ind. 2005).

[9] Citing his long-time addiction issues, Wonderly argues that "[i]n his intoxicated state, [he] had not been completely attuned to the real activity his friend intended." Brief of Appellant at 7. Even if Wonderly had not been aware of his companion's true motives at the onset, as the trial court noted, he surely became aware of the criminal nature of their conduct as they kicked down a door and proceeded to attach a log chain to a gun safe. *See* Tr., Vol. II at 15. Moreover, while we have recognized that a history of substance abuse may be a mitigating circumstance, *Field v. State*, 843 N.E.2d 1008, 1012 (Ind. Ct. App. 2006), *trans. denied*, we have also held that when a defendant is aware of a substance abuse problem but has not taken appropriate steps to treat it, the trial court does not abuse its discretion by rejecting it as a mitigating circumstance, *Bryant v. State*, 802 N.E.2d 486, 501 (Ind. Ct. App. 2004), *trans. denied*. And here, there was no evidence that Wonderly has taken substantial steps to

address his substance abuse problem. In sum, although we do not view the nature of Wonderly's offense as particularly egregious, we are unconvinced that it renders his sentence inappropriate.

## B. Character of the Offender

[10] Next, Wonderly argues that his sentence is inappropriate because of his character. We first recognize that Wonderly pleaded guilty and that the trial court found him remorseful. However, in exchange for his guilty plea, the State dismissed two felony charges relating to the instant offense and a misdemeanor charge relating to the time of his arrest. Under these circumstances then, Wonderly's guilty plea has little impact on our analysis of his character. *See, e.g., Fields v. State*, 852 N.E.2d 1030, 1034 (Ind. Ct. App. 2006) (noting that the defendant "received a significant benefit from the plea, and therefore it does not reflect as favorably upon his character as it might otherwise"), *trans. denied*.

[11] Turning to Wonderly's criminal history, we note that his record dates to 1977 and includes felony convictions for possession of chemical reagents with intent to manufacture a controlled substance as well as multiple counts of possession of methamphetamine. Wonderly's misdemeanor convictions include multiple counts of operating while intoxicated, criminal conversion, disorderly conduct, possession of marijuana, public intoxication, and multiple counts of resisting law enforcement. "Even a minor criminal record reflects poorly on a defendant's character," *Reis v. State*, 88 N.E.3d 1099, 1105 (Ind. Ct. App. 2017), and the trial court correctly described Wonderly's criminal history as

"extensive[.]"  Tr., Vol. II at 15.  Particularly in light of his criminal history, nothing about Wonderly's character leads us to conclude his ten-year sentence was inappropriate.[1]

# Conclusion

[12] The crux of Wonderly's argument is that "[b]ecause a six-year sentence would sufficiently punish [him] for his misdeeds, the ten-year sentence is inappropriate."  Br. of Appellant at 6.  The question, however, is not whether another sentence is more appropriate, but whether the sentence imposed is inappropriate.  *Fonner v. State*, 876 N.E.2d 320, 344 (Ind. Ct. App. 2007).  Because Wonderly has failed to satisfy his burden of demonstrating that his ten-year sentence is inappropriate in light of the nature of his offense and his character, we affirm his sentence accordingly.

[13] Affirmed.

Riley, J., and Kirsch, J., concur.

---

[1] We note our supreme court's recent decision in *Hoak v. State,* No. 195-CR-17 (Ind. Jan. 11, 2018).  There, our supreme court granted transfer and remanded to the trial court with instructions to determine whether the defendant was eligible for "substance abuse treatment in a Community Corrections placement; and if she is eligible, to order half of her sentence to be executed in Community Corrections."  *Id.* at *2.  The facts presented here differ from those presented in *Hoak* in that Wonderly did not argue his placement was inappropriate, but rather his sentence as a whole, and the trial court recommended Wonderly receive a substance abuse assessment and complete any recommended treatment while incarcerated.  Furthermore, Wonderly's "extensive criminal history[,]" Tr., Vol. II at 15, includes numerous convictions which appear to be unrelated to his history of substance abuse.  For these reasons we conclude *Hoak* is not controlling on the facts before us.