## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 12 2019, 8:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer Koethe
LaPorte County Public Defender's Office
Navarre, Florida

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Josiah Swinney
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert Lewis, Jr.,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

September 12, 2019

Court of Appeals Case No.
19A-CR-60

Appeal from the LaPorte Superior Court

The Honorable Michael S. Bergerson, Judge

Trial Court Cause No.
46D01-1807-F3-786

**Darden, Senior Judge.**

# Statement of the Case

Robert Lewis, Jr. appeals the sentence he received for his conviction of criminal confinement, a Level 5 felony.[1]  We affirm.

# Issues

The issues Lewis presents for appeal are:

> I. Whether the trial court erred in sentencing him.

> II. Whether his sentence is inappropriate.

# Facts and Procedural History

On July 22, 2018, after drinking alcohol and using cocaine, Lewis forced his way into the residence of M.L., with whom Lewis was acquainted.  Once inside, Lewis confined M.L. against her will for several hours after forcing her into her bedroom and locking the door.  At some point, M.L. was able to escape and run from the residence, but Lewis caught her and slammed her head against the pavement, causing M.L. to suffer a severe headache and dizziness. Lewis then dragged M.L. back into the house, where he continued to assault her while armed with a box cutter knife and a metal baton.  A third party was finally able to separate Lewis from M.L., whereupon M.L. ran out of the house and called police.

---

[1] Ind. Code § 35-42-3-3 (2014).

[4] Based upon this incident, Lewis was charged with criminal confinement, a Level 3 felony;[2] criminal confinement, a Level 5 felony;[3] domestic battery, a Level 6 felony;[4] and invasion of privacy, a Class A misdemeanor.[5] Pursuant to a plea agreement, Lewis pleaded guilty to the Level 5 criminal confinement, and the State dismissed all remaining counts as well as the charges contained in another criminal case. The parties also agreed that no portion of Lewis' executed sentence would exceed two years but otherwise left sentencing to the court's discretion. The court sentenced Lewis to an aggregate sentence of six years with two years executed and four years suspended to probation. Lewis now appeals that sentence.

# Discussion and Decision

## I. Sentencing Discretion

[5] Lewis first contends that the trial court erred when it sentenced him. Specifically, he argues that the trial court gave too little weight to the mitigating factor that he pleaded guilty and that it also failed to consider or overlooked his remorse, history of substance abuse, and mental illness as mitigating factors.

---

[2] *Id.*

[3] *Id.*

[4] Ind. Code § 35-42-2-1.3 (2016).

[5] Ind. Code § 35-46-1-15.1 (2018).

[6] Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions drawn therefrom. *Id.*

[7] The finding of mitigating circumstances is not mandatory but is within the discretion of the trial court. *Page v. State*, 878 N.E.2d 404, 408 (Ind. Ct. App. 2007), *trans. denied*. Further, the court is neither obligated to accept the defendant's arguments as to what constitutes a mitigating factor nor required to give the same weight to a proffered mitigating factor as does the defendant. *Id.* An allegation that the trial court failed to identify or find a mitigating factor requires the defendant on appeal to establish that the mitigating evidence is both significant and clearly supported by the record. *Id.*

[8] We note that the trial court found Lewis' guilty plea to be a mitigating factor. However, to the extent that he claims the trial court abused its discretion in failing to accord more weight to this mitigator, his claim is not available for appellate review. *See Anglemyer*, 868 N.E.2d at 491 (holding that relative weight or value assignable to mitigating circumstances found by trial court is not subject to review).

[9] As to Lewis' remorse, he stated at sentencing, "I'm just sorry for the victim, for my actions, you know, remorseful for what happened. And today is my son's birthday, I'd like to, you know, go to see him." Tr. Vol. II, p. 4. A trial court's

determination of a defendant's remorse is similar to its determination of credibility: without evidence of some impermissible consideration by the trial court, we accept its determination. *Pickens v. State*, 767 N.E.2d 530, 535 (Ind. 2002). Lewis' expression of remorse tends to demonstrate that he did not fully comprehend the severity of his actions and to indicate that he was merely attempting to gain immediate release to go see his son rather than expressing true regret for his actions and the harm he caused. Substantial deference must be given to a trial court's evaluation of remorse. *Corralez v. State*, 815 N.E.2d 1023, 1025 (Ind. Ct. App. 2004). The trial court, having the ability to observe the defendant and listen to the tenor of his voice, is in the best position to judge the sincerity of a defendant's remorseful statements. *Id.* Given Lewis' testimony and absent any evidence of impermissible considerations by the trial court, we conclude the trial court did not abuse its discretion in failing to accept Lewis' alleged remorse as a mitigating circumstance.

[10] Lewis also claims the trial court abused its discretion by failing to recognize his substance abuse as a mitigating circumstance. Although we have recognized that a history of substance abuse may be a mitigating circumstance, we have held that when a defendant is aware of a substance abuse problem but has not taken appropriate steps to treat it, the trial court does not abuse its discretion by rejecting the addiction as a mitigating factor. *Hape v. State*, 903 N.E.2d 977, 1002 (Ind. Ct. App. 2009), *trans. denied*. Lewis testified at his sentencing hearing that he was drunk and high on cocaine at the time he committed this offense and that drugs and alcohol are an ongoing problem. Yet, in the

preparation of his pre-sentence report, Lewis told the probation officer that he had not consumed alcohol in at least two years, that he had never used cocaine, and that he does not believe he has a problem with alcohol or drugs. In addition, although he testified at sentencing that he had never received any treatment for substance abuse, he reported to the probation officer that he had attended substance abuse treatment and AA meetings. Moreover, he has several drug and alcohol related charges and convictions. It is apparent from the record that Lewis has known for some time that he has a substance abuse problem and has failed to be honest with himself about it or done much to treat it. Accordingly, the trial court did not abuse its discretion in failing to accept Lewis' substance abuse as a mitigating circumstance.

[11] Finally, Lewis asserts that the trial court should have found that his mental health issues are a mitigating factor because he has "previously been hospitalized" and has been "placed on the medications Seroquel[6] and Tegretol."[7] Appellant's Br. p. 9. However, Lewis offers no indication that his mental health issues were responsible for his decision-making process on the day of this offense. *See Corralez*, 815 N.E.2d at 1026 (stating that there must be nexus between defendant's mental health and crime in question in order for

---

[6] Seroquel is a brand name for quetiapine, a medication used to treat schizophrenia. NATIONAL ALLIANCE ON MENTAL ILLNESS, https://www.nami.org/Learn-More/Treatment/Mental-Health-Medications/quetiapine-(Seroquel) (last visited Sept. 5, 2019).

[7] Tegretol is a brand name for carbamazepine, a mood stabilizer medication. NATIONAL ALLIANCE ON MENTAL ILLNESS, https://www.nami.org/Learn-More/Treatment/Mental-Health-Medications/Types-of-Medication/Carbamazepine-(Tegretol) (last visited Sept. 5, 2019).

mental history to be considered mitigating factor).  The trial court did not abuse its discretion by failing to find Lewis' mental health issues a mitigating circumstance.

## II. Inappropriate Sentence

[12]  Although Lewis mentions in his brief the standard for determining whether a sentence is inappropriate, he does not put forth argument on the issue. Nonetheless, we will review his sentence under the inappropriateness standard. *See Thacker v. Wentzel*, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003) (noting Court's preference for deciding cases on their merits).

[13]  Although a trial court may have acted within its lawful discretion in imposing a sentence, article VII, sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of sentences through Indiana Appellate Rule 7(B), which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we determine that the sentence is inappropriate in light of the nature of the offense and the character of the offender.  *Thompson v. State*, 5 N.E.3d 383, 391 (Ind. Ct. App. 2014).  However, "we must and should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions."  *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007).  Such deference to the trial court's judgment should prevail unless overcome by compelling evidence

portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character). *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). Thus, the question under Appellate Rule 7(B) is not whether another sentence is *more* appropriate; rather, the question is whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). The defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

[14] A plea agreement that does not provide for an open plea but nevertheless affords the trial court some discretion in sentencing is subject to review under Rule 7(B). *Rivera v. State*, 851 N.E.2d 299, 301-02 (Ind. 2006). Such is the case here where the trial court had the discretion to determine the aggregate sentence, but the plea agreement provided that the executed portion of the sentence was not to exceed two years. Thus, the only question for us on appeal is whether the trial court's order of an aggregate sentence of six years is inappropriate.

[15] To assess whether a sentence is inappropriate, we look first to the statutory range established for the class of the offense. Here, Lewis was convicted of a Level 5 felony, for which the advisory sentence is three years, with a minimum sentence of one year and a maximum of six. Ind. Code § 35-50-2-6 (2014). The court sentenced Lewis to the maximum of six years but with only two years executed, in accordance with the plea agreement.

[16] Next, we look to the nature of the offense. Lewis pleaded guilty to the criminal confinement of M.L., whom we gather from the record was probably his girlfriend. Lewis carried out his extremely violent episode just hours after being served with a protective order. He confined M.L. for several hours until she managed to escape. Rather than allowing the incident to end there, Lewis chased M.L., caught her, and "slammed" her head into the pavement, causing her to suffer extreme pain and dizziness. Appellant's App. Vol. 2, p. 11. From there, Lewis "dragged" M.L. back into the house to continue his assault and "beat on her all night" while armed with a box cutter knife and a metal baton. *Id.* at 12.

[17] With regard to the character of the offender, we observe that although the trial court ultimately found Lewis' guilty plea to be a mitigating factor, the court was initially hesitant to accept the plea and stated to Lewis, "convince me why I should accept this agreement given your lengthy criminal history, your track record is horrendous." Tr. Vol. II, pp. 3-4. Moreover, Lewis' plea is tempered somewhat by the benefit he received in return. The State agreed to an executed sentence of one year below the advisory for a Level 5 felony and dismissed the remaining two felonies—one of which was a Level 3, which carries an advisory sentence of nine years—and one misdemeanor in this cause as well as an additional domestic battery charge in another criminal case in exchange for Lewis' plea. In light of this substantial benefit to Lewis, his guilty plea is not a significant indicator of positive character traits. *See Fields v. State*, 852 N.E.2d 1030, 1034 (Ind. Ct. App. 2006) (noting that defendant received significant

benefit from plea such that fact he pleaded guilty did not reflect as favorably upon his character as it otherwise might), *trans. denied*.

[18] Indeed, the trial court found Lewis' criminal history to be an aggravating factor and classified it as "atrocious." Tr. Vol. II, p. 9. Even a minor criminal history is a poor reflection of a defendant's character. *Moss v. State*, 13 N.E.3d 440, 448 (Ind. Ct. App. 2014), *trans. denied*. Yet, Lewis' criminal history is far from being considered minor—in total, Lewis has five felony convictions and five misdemeanors, which include alcohol-related convictions, reckless homicide, burglary, theft, and escape. This history caused the trial court to proclaim, "I think you're one of the worst of the worst." Tr. Vol. II, p. 9.

[19] More specifically, Lewis' criminal history discloses that he has been placed on probation at least six times, and every time he has violated his probation rules. He also has had rule violations every time he has been permitted to serve a sentence on work release. It is this tarnished record that led the court to note Lewis' "failure to be[ ] able to abide by any terms of probation in the past." *Id.* at 10. Even given this history, the trial court charitably allowed Lewis to serve four years of his sentence on probation.

[20] Moreover, Lewis was not truthful with the trial court. At sentencing, he indicated to the court that this was his first guilty plea to an offense against another person. However, his criminal history reveals that he pleaded guilty to reckless homicide as a C felony and was sentenced to the DOC in 2006. In addition, as we discussed in Issue I., Lewis testified at sentencing that he had

never received any treatment for substance abuse, yet he reported to the probation officer that he had attended substance abuse treatment and AA meetings.

[21] Finally, although it appears that Lewis squandered some opportunities he was given in the past to deal with his substance abuse, the trial court agreed to recommend therapeutic community counseling so that Lewis would be given yet another chance to treat his substance abuse issues. Moreover, the court generously ordered that, upon successful completion of a clinically appropriate substance abuse treatment program, it would consider a modification to Lewis' sentence.

[22] Lewis has not met his burden of presenting compelling evidence portraying in a positive light the nature of the offense and his character in order to overcome the trial court's sentencing decision.

## Conclusion

[23] For the reasons stated, we conclude that the trial court did not abuse its discretion in sentencing Lewis and that his sentence is not inappropriate given the nature of the offense and his character.

[24] Affirmed.

Kirsch, J., and Altice, J., concur.