Francisco **CORRALEZ**, Appellant–Defendant,

v.

**STATE** of Indiana, Appellee–Plaintiff.

No. 45A03–0402–CR–88.

Court of Appeals of Indiana.

Oct. 6, 2004.

---

Daniel Ostojic, Ostojic & Ostojic, Portage, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy At-

torney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Francisco Corralez ("Corralez") pled guilty to Class D felony criminal recklessness in Lake Superior Court. Corralez appeals his sentence, raising the following restated issues for review:

I. Whether the trial court's finding of sentencing aggravators and mitigators constituted an abuse of discretion; and,

II. Whether Corralez' sentence is appropriate.

Concluding the trial court did not abuse its discretion and Corralez' sentence is appropriate, we affirm.

## Facts and Procedural History

On March 12, 2001, Corralez drove his vehicle at extremely high speeds, disregarded a stop sign, and collided with a vehicle at the intersection of Broadway and 47th Avenue in Lake County, killing Caroline Lopez. On May 3, 2002, a grand jury indicted Corralez for Class C felony reckless homicide.

On October 9, 2003, Corralez pled guilty to Class D felony criminal recklessness in exchange for the dismissal of his Class C felony indictment. Corralez' plea agreement left sentencing to the trial court's discretion. The trial court conducted a hearing and took Corralez' plea under advisement. On December 3, 2003, the trial court accepted Corralez' plea and sentenced him to thirty months in the Department of Correction.

In sentencing Corralez, the trial court found Corralez' plea as a mitigating factor and found (1) the fact Corralez was on bond when the current offense was committed, (2) Corralez' prior OVWI arrest, and (3) the fact the State had reduced his offense to a lesser charge as aggravating factors.

On January 2, 2004, Corralez filed a motion to correct error. The trial court denied Corralez' motion on January 20, 2004, and Corralez now appeals.

## I. Aggravators and Mitigators

█ Sentencing decisions are within the trial court's discretion and will be reversed only for an abuse of discretion. *Matshazi v. State*, 804 N.E.2d 1232, 1237 (Ind.Ct.App.2004). The trial court must determine which aggravating and mitigating circumstances to consider when increasing or reducing a sentence and is responsible for determining the weight to accord these circumstances. *Id.* (citing *Perry v. State*, 751 N.E.2d 306, 309 (Ind. Ct.App.2001)). A trial court's sentencing statement must (1) identify significant aggravating or mitigating circumstances, (2) state the specific reason why each circumstance is aggravating or mitigating, and (3) demonstrate that the factors have been weighed to determine that the aggravators outweigh the mitigators. *Id.*

█ Corralez first contends the trial court did not consider his remorse, which was "genuine and overwhelming." Br. of Appellant at 8. However, substantial deference must be given to a trial court's evaluation of remorse. The trial court, which has the ability to directly observe the defendant and listen to the tenor of his or her voice, is in the best position to determine whether the remorse is genuine. Corralez' reference to statements articulating his remorse is insufficient to establish an abuse of discretion.

█ Corralez next contends the trial court did not consider the restitution made to the victim's family. Br. of Appellant at 8 (citing Tr. pp. 102–03). However, al-

though $250,000 was paid to the victim's family, Corralez' citation indicates this amount was paid out of Corralez' father's insurance. *Id.* As such, the trial court properly disregarded this consideration.

██ Corralez next contends the trial court failed to note his character and attitude indicate he is unlikely to commit another crime. *Id.* However, Corralez was on bond while he committed the crime at bar. Accordingly, the trial court did not abuse its discretion by omitting this consideration.

██ Corralez next contends the trial court failed to afford significant weight to his mental history. Br. of Appellant at 9–10 (citing Appellant's App. pp. 100–01, 116–17). A mental history may be a significant mitigating factor. *See Biehl v. State*, 738 N.E.2d 337, 340 (Ind.Ct.App. 2000), *trans. denied.* However, in order for a mental history to provide a basis for establishing a mitigating factor, there must be a nexus between the defendant's mental health and the crime in question. *Id.* Corralez' citation offers no indication that his mental health was responsible for his decision-making process on the day in question. Rather, Corralez' hurry to get home—as opposed to a mental illness—seemed to be what was motivating Corralez' tragically poor decision-making process. Tr. p. 57.

██ Corralez finally contends the trial court erred when it considered the fact he was initially charged with reckless homicide as an aggravating factor. To the extent the trial court relied upon this consideration, we reject it. However, the trial court may take into account the facts surrounding Corralez' crime. Accordingly, the trial court's decision to issue an aggravated sentence was supported by the consideration that a person not only died as a result of Corralez' recklessness but suf-

fered for fourteen days before dying. Appellant's App. p. 128.

Under these facts and circumstances, the trial court did not abuse its discretion when it sentenced Corralez.

## II. Inappropriate Sentencing Standard

██ Appellate courts have the constitutional authority to revise a sentence if, after consideration of the trial court's decision, the court concludes the sentence is inappropriate in light of the nature of the offense and character of the offender. Ind. Appellate Rule 7(B); *see also Asher v. State*, 790 N.E.2d 567, 570 (Ind.Ct.App. 2003). Corralez claims his sentence was inappropriate pursuant to Appellate Rule 7(B).

██ Corralez was on bond at the time of the commission of the offense at bar, a woman suffered and died as a result of Corralez recklessness, and the trial court did not sentence Corralez to the maximum sentence. In light of such evidence, Corralez' sentence was appropriate.

### Conclusion

The trial court did not abuse its discretion, and Corralez' sentence was appropriate.

Affirmed.

DARDEN, J., and FRIEDLANDER, J., concur.