**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**THOMAS W. VANES**
Crown Point, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana



FILED

Oct 09 2012, 9:24 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN RAY HENRY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1111-CR-533 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Diane Ross Boswell, Judge
Cause Nos. 45G03-0806-FA-24 & 45G03-0807-FA-27

**October 9, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**PYLE, Judge**

## STATEMENT OF CASE

John Ray Henry ("Henry") appeals the sentence he received after he pled guilty to two counts of child molesting, class C felonies.[1]

We affirm.

## ISSUE

> Whether this court should remand for resentencing based on comments by the trial court at the sentencing hearing.

## FACTS AND PROCEDURAL HISTORY

On June 24, 2008, the State filed an information alleging in Cause No. 45G03-0806-FA-24 ("No. 24") that Henry committed two counts of child molesting (class A and C felonies) against victim D.A. and one count of child molesting (class C felony) against victim J.L. The information stated that offenses involving D.A. occurred during a time period extending from September 1, 2004 to December 31, 2004. The information also stated that the offense involving J.L. occurred during a time period extending from January 1, 2006 to November 21, 2007.

On July 3, 2008, the State filed a second information alleging in Cause No. 45G03-0807-FA-27 ("No. 27") that Henry committed two counts of child molesting (class A and C felonies) against victim N.S. The information stated that the offenses involving N.S. occurred during a time period extending from January 1, 2004 to December 31, 2006.

---

[1] Ind. Code § 35-42-4-3(b).

Henry successfully moved to sever Counts 1 and 2 (pertaining to the molestation of D.A.) from Count 3 (pertaining to the molestation of J.L.) in No. 24. Thereafter, on August 11-12, 2008, a jury trial was held on Counts 1 and 2 in No. 24, and the jury found Henry guilty on both counts. After finding Henry's criminal history and position of trust as aggravators, the trial court sentenced Henry on September 30, 2009, to twenty-five years on Count 1 and three years on Count 2. The sentences were ordered to run concurrently. Henry appealed his convictions, and we affirmed in a memorandum decision. *See Henry v. State*, No. 45A03-0911-CR-513 (Ind. Ct. App. August 31, 2010).

Subsequently, on September 28, 2011, Henry entered an open guilty plea on Count 3 of No. 24. Henry admitted that during a period beginning in early 2006 and ending in late 2007, he, on several occasions, molested J.L., a girl who was then under fourteen years of age. Henry touched or rubbed J.L.'s buttocks, over and under her clothes, with the intent to arouse or satisfy the sexual desires of either himself or J.L. During part of this time period, Henry and his family lived with J.L.'s father, and Henry molested J.L when she came to visit her father.

In the same open plea, Henry also admitted to Count 2 (class C felony child molesting) in No. 27. In exchange, the State agreed to dismiss Count 1 (class A felony child molesting). Henry admitted that during a period beginning in 2004 and ending in 2006, he molested N.S., a girl who was less than fourteen years of age. On several occasions during this time period, Henry rubbed his hand on N.S.'s "crotch area." (App. 156). Henry committed these acts with the intent to arouse or satisfy the sexual desires of either himself or

3

N.S. During this period, Henry and his family, along with N.S., lived with N.S.'s aunt.

The trial court accepted Henry's plea. On the first day of the sentencing hearing, J.L. and N.S. testified, and Henry's counsel was granted a continuance until the next day to contact and produce his wife as a rebuttal witness. On the next day, Henry's counsel made the following statements:

> I've never had victims in court laugh and giggle as if this is some sort of joke, as if this is some sort of game. I walked into the Court today to smiling, laughing victims. I don't understand that. I don't get that . . . . And what I see is somebody that isn't traumatized. What I see [are] people that think this is funny, that this is a joke, and to me, it's despicable, it really is.
>
> * * * *
>
> It wouldn't be relevant but for the State is going to come in a moment and ask you to give him the maximum sentence based on the damage to these victims. That's why it's relevant and that's why I'm pointing it out.
>
> By no way is [Henry] backtracking from his acceptance of responsibility. It's just something that I think has to be brought out to the Court, Judge.

(Tr. 49-50).

Subsequently, the trial court asked Henry if he wanted to make a statement. In response, Henry stated that "[i]t's been a devastating—devastating to my family and to myself and everyone else, I see. But I just—I just want to move on with my life and—which isn't much of a life at this point. That's about all I got to say." (App. 58).

The trial court then found as aggravating circumstances that Henry was in a position of trust when he molested the victims and that the molestations occurred over a protracted period of time. The trial court found Henry's guilty plea to be a mitigating circumstance.

4

After making these findings, the trial court stated the following:

> And I will note that I have not heard—even though you accepted your responsibility, I didn't hear any remorse, Mr. Henry; I didn't hear that.
>
> But you and your counsel are angry at the young ladies because they don't carry the demeanor that you think they should carry in a courtroom at this point in time, and to me, that says, you know, something about your character.

(Tr. 59).[2]

The trial court then sentenced Henry to six years on Count 3 of No. 24 and six years to Count 2 of No. 27, with the sentences to run consecutively. The trial court ordered that the aforementioned sentences run consecutively to the prior sentences under No. 24. Thus, the total executed sentence was thirty-seven years. The trial court stated that "[t]he reason for the consecutive sentencing is that each young lady suffered individual harm and each should receive the justice that she deserves to the extent that this Court can provide any justice." (Tr. 60).

Henry now appeals the twelve-year executed sentence imposed after he pled guilty to Count 3 of No. 24 and Count 2 of No. 27.

DECISION

Henry contends, without citation to any authority, that the trial court erred in using counsel's remarks to negatively assess Henry's character. Henry points out that he did not repeat or adopt the earlier comments by counsel. Furthermore, he made no comment that evinced any anger toward the victims.

---

[2] In its written sentencing order, the trial court found the following mitigating circumstances: "The defendant has [pled] guilty [and] has admitted guilt and accepted responsibility for his actions." (App. 237).

5

When evaluating sentencing challenges under the advisory sentencing scheme, we first confirm that the trial court issued the required sentencing statement, which includes a reasonably detailed recitation of the trial court's reasons for imposing a particular sentence. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007). If the recitation includes a finding of mitigating or aggravating circumstances, the statement must identify all significant mitigating and aggravating circumstances and explain why each circumstance has been determined to be mitigating or aggravating. *Id.*

So long as the sentence is within the statutory range, it is subject to review only for abuse of discretion. *Id.* An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* One way in which a trial court may abuse its discretion is by failing to enter a sentencing statement at all. *Id.* Another way is to enter a sentencing statement that explains reasons for imposing a sentence, including mitigating and aggravating circumstances, which are not supported by the record. *Id*. at 490-91. A court may also abuse its discretion by citing reasons that are contrary to law. *Id*. at 491. If this court finds an abuse of discretion, we may remand for resentencing if we cannot say with confidence that the trial court would have imposed the same sentence had it limited its consideration to proper considerations. *Id*.

In this case, evidence was taken over the course of two days. At the conclusion of evidence, the trial court had many things to consider in making its decision, including victim statements, the pre-sentence investigation report, Henry's in-court statement, and the

6

argument made on Henry's behalf by his counsel. Considering the record before us, we find that the trial court's statement regarding counsel's argument did not constitute a specific finding of an improper aggravating factor; instead, the trial court was making a general comment expressing its disappointment that both Henry's statement and his counsel's argument seemed devoid of any expression of remorse.

The trial court is in a better position than a court of review in assessing whether a defendant is remorseful about what he or she has done. *See Corralez v. State*, 815 N.E.2d 1023, 1025 (Ind. Ct. App. 2004). This court merely has the written record before it, whereas the trial court was present at the sentencing hearing and could observe a number of factors, including, but not limited to (1) the defendant's demeanor; (2) the emotion, or lack thereof, in the defendant's voice; and (3) the impact of the defendant's statement on the victims and their families. *See Taylor v. State*, 944 N.E.2d 84, 90 (Ind. Ct. App. 2011) (holding that a trial court is in the best position to assess whether defendant knowingly or intelligently waived counsel); *In re J.H.*, 911 N.E.2d 69, 73 (Ind. Ct. App. 2009) (holding that the trial court occupies a unique position to assess evidence), *trans. denied*; *Morgan v. State*, 903 N.E.2d 1010, 1019 (Ind. Ct. App. 2009) (holding that the trial court is in the best position to assess honesty and integrity of a juror); *Hooper v. State*, 779 N.E.2d 596, 599 (Ind. Ct. App. 2002) (holding that a trial court is in the best position to assess the effect of discovery violations).

We cannot say that the trial court's general comments were erroneous, and, even if they were, we can say with confidence that the trial court would have imposed the same

7

sentence had it limited its evaluation to other sentencing factors. *See Anglemyer*, 868 N.E.2d

at 491. The trial court's written sentencing order clearly identified proper aggravating and

mitigating factors used to reach the appropriate sentence.[3]

Affirmed.

FRIEDLANDER, J., and BROWN, J., concur.

---

[3] A person who commits a class C felony "shall be imprisoned for a fixed term of between two (2) and eight (8) years, with the advisory sentence being four (4) years." I.C. § 35-50-2-6.