**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Dec 11 2013, 9:24 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KRISTINA J. JACOBUCCI**
Newby, Lewis, Kaminski & Jones, LLP
La Porte, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

RANDY WINTERS,                              )
                                           )
    Appellant-Defendant,                    )
                                           )
        vs.                              )    No. 46A03-1302-CR-59
                                           )
STATE OF INDIANA,                          )
                                           )
    Appellee-Plaintiff.                     )

APPEAL FROM THE LA PORTE SUPERIOR COURT
The Honorable Kathleen B. Lang, Judge
Cause No. 46D01-1109-FB-344

**December 11, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

## CASE SUMMARY

On June 24, 2011, Appellant-Defendant Randy Winters, while armed with a gun, approached another man in a parking lot and took property from the man. Winters was subsequently charged with one count of Class B felony robbery and one count of Class C felony battery. On October 11, 2012, Winters pled guilty to one count of Class B felony robbery. In exchange for Winters's guilty plea, Appellee-Plaintiff, the State of Indiana, agreed to dismiss the Class C felony battery charge. The parties agreed that sentencing would be left to the discretion of the trial court. The trial court subsequently accepted Winters's guilty plea, and on January 22, 2013, sentenced Winters to a twenty-year term of incarceration. On appeal, Winters contends that the trial court abused its discretion in sentencing him and that his twenty-year sentence is inappropriate. We affirm.

## FACTS AND PROCEDURAL HISTORY

The factual basis entered during the October 11, 2012 guilty plea hearing provides that on June 24, 2011, Winters, while armed with a deadly weapon, *i.e.*, a gun, approached Michael Oliver in a parking lot. While armed with the gun, Winters took property from Oliver. Winters then fled the scene.

On September 9, 2011, Winters was charged with one count of Class B felony robbery and one count of Class C felony battery. On October 11, 2012, Winters pled guilty to one count of Class B felony robbery. In exchange for Winters's guilty plea, the State agreed to dismiss the Class C felony battery charge. The parties agreed that sentencing would be left to the discretion of the trial court. The trial court subsequently accepted Winters' guilty plea,

2

and on January 22, 2013, sentenced Winters to a twenty-year term of incarceration.

## DISCUSSION AND DECISION

On appeal, Winters contends that the trial court abused its discretion in sentencing him and that his sentence is inappropriate in light of the nature of his offense and his character. Initially, we note that although on first glance it appears that Winters has waived his right to appellate review of his sentence as a term of his plea agreement, we will nonetheless address the merits of Winters's contentions on appeal.[1]

### A. Abuse of Discretion

Winters claims that the trial court failed to accord proper weight to certain mitigating circumstances, specifically his guilty plea and his remorse.

> The finding of mitigating factors is not mandatory and rests within the discretion of the trial court. The trial court is not obligated to accept the defendant's arguments as to what constitutes a mitigating factor. Nor is the court required to give the same weight to proffered mitigating factors as the defendant does. Further, the trial court is not obligated to explain why it did not find a factor to be significantly mitigating. However the trial court may not ignore facts in the record that would mitigate an offense, and a failure to find mitigating circumstances that are clearly supported by the record may imply that the trial court failed to properly consider them.

*Espinoza v. State*, 859 N.E.2d 375, 387 (Ind. Ct. App. 2006) (citations and quotation marks omitted).

Here, Winters argued three mitigating circumstances at sentencing: (1) he acknowledged his culpability and responsibility and saved the government the time and

---

[1] Because we address Winters's contentions on the merits, we find the State's motion to dismiss Winters's appeal to be moot, and accordingly deny said motion in an order issued simultaneously with this decision.

expense of having to go to trial by pleading guilty, (2) he saved the victim the experience of having to appear before a jury, and (3) he exhibited remorse. On appeal, Winters claims that the trial court failed to give proper mitigating weight to his guilty plea and his demonstration of remorse.

Concerning his guilty plea, Winters argues that his plea should have been given greater weight because by pleading guilty, he accepted responsibility for his actions and saved the State the expense and time of proceeding to trial. "[A]lthough we have long held that a defendant who pleads guilty deserves 'some' mitigating weight to be given to the plea in return, a guilty plea may not be significantly mitigating when the defendant receives a substantial benefit in return or when the defendant does not show acceptance of responsibility." *McElroy v. State*, 865 N.E.2d 584, 591 (Ind. 2007) (citations omitted). Here, in exchange for Winters's plea, the State agreed to dismiss the Class C felony battery charge. Winters undoubtedly benefited from the dismissal of this charge. Additionally, Winters waited over one year after being charged and until a mere eleven days before his trial was set to commence to accept responsibility for his actions. Given the late nature of his guilty plea, it is reasonable to assume that the State had already expended substantial resources on Winters's case preparing for trial. Therefore, we will not disturb the trial court's determination that Winters's guilty plea was not a significant mitigating factor.

With respect to Winters's alleged remorse, the trial court, which has the ability to directly observe the defendant and listen to the tenor of her voice, is in the best position to determine whether the remorse is genuine. *Corralez v. State*, 815 N.E.2d 1023, 1025 (Ind.

4

Ct. App. 2004). At the sentencing hearing, the trial court noted Winters's remorse. However, because the trial court was in the best position to directly observe Winters to determine whether his alleged remorse was genuine, we will not disturb the trial court's determination that this was not a significant mitigating factor. *See id.*

From our review of the record, we are convinced that the trial court considered all evidence of the alleged mitigating factors presented by Winters. The trial court made a clear sentencing statement recognizing all mitigating factors argued by the parties. Again, a trial court has discretion to find mitigating circumstances and, absent an abuse of discretion, this court will not remand for resentencing. *See Hardebeck v. State*, 656 N.E.2d 486, 493 (Ind. Ct. App. 1995), *trans. denied*. Winters has not shown an abuse of discretion in this regard.

### B. Appropriateness of Sentence

Winters also challenges his sentence by claiming that it is inappropriate in light of the nature of his offense and his character. Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In analyzing such claims, we "'concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.'" *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans. denied*). The defendant bears the burden of persuading us that his

5

sentence is inappropriate. *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

With respect to the nature of Winters's offense, the record demonstrates that Winters, while covering his face with a blue bandana and holding a gun in his hand, approached Oliver in a parking lot, pointed his gun at Oliver, and demanded money from Oliver. When Oliver claimed that he did not have any money, Winters struck Oliver in the face and head, breaking his nose. Winters then fled the scene.

With respect to Winters's character, the record demonstrates that Winters has a substantial criminal history. This criminal history includes a prior felony conviction for robbery, two prior felony convictions for armed robbery, a felony conviction for robbery resulting in bodily injury, a felony conviction for aggravated vehicle hijacking with a weapon, and two prior felony convictions relating to the possession of narcotic drugs. Winters's criminal history also includes prior failed attempts at probation. In addition, Winters was on parole at the time he committed the instant offense.

Winters argues that his sentence is inappropriate because his actions do not reflect those of the "worst offender" and also because he accepted culpability for his conduct. Winters also argues that his lack of education should be taken into account with respect to his character. However, in light of Winters's actions, which included robbing another man while armed with a gun, and his criminal history, which displays a continuing propensity to commit armed robbery, we cannot say that his twenty-year sentence is inappropriate.

The judgment of the trial court is affirmed.

MATHIAS, J., and PYLE, J., concur.

6