## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 07 2017, 8:53 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Thomas W. Julian,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

August 7, 2017

Court of Appeals Case No.
84A01-1701-CR-103

Appeal from the Vigo Superior
Court.
The Honorable David R. Bolk,
Judge.
Trial Court Cause Nos.
84D03-1506-F5-1427
84D03-1507-FC-1653
84D03-1605-F5-1364
84D03-1606-FA-1505

**Friedlander, Senior Judge**

[1] Thomas W. Julian appeals his fifty-five-year sentence upon his convictions of two counts of child molesting as Level 1 felonies,[1] two counts of child molesting as Class C felonies,[2] and one count of child exploitation as a Level 5 felony.[3]

[2] Julian's sole issue on appeal is whether his sentence is inappropriate in light of the nature of his offenses and his character.

[3] In May 2015, the Indiana State Police received a flash drive that had been found in a gas station parking lot. The flash drive contained images and recordings of nude children and of children engaged in sexual acts. The person who submitted the flash drive to the State Police recognized Julian's voice as well as the interior of Julian's home on the flash drive images. Following an investigation, Julian was charged in four different cause numbers with three counts of child molesting as Class A felonies, two counts of child molesting as Level 1 felonies, four counts of child molesting as Class C felonies, two counts of child molesting as Level 4 felonies, five counts of child exploitation as Level 5 felonies, four counts of child solicitation as Class D felonies, two counts of child solicitation as Level 5 felonies, one count of rape as a Class B felony, and two counts of possession of child pornography as Level 6 felonies.

---

[1] Ind. Code § 35-42-4-3(a)(1) (2014).

[2] Ind. Code § 35-42-4-3(b) (1998) and (2007).

[3] Ind. Code § 35-42-4-4 (b)(1) (2014).

[4]     Pursuant to a plea agreement, Julian pleaded guilty to two counts of child molesting as Level 1 felonies, two counts of child molesting as Class C felonies, and one count of child exploitation as a Level 5 felony, with all remaining charges dismissed. The parties argued sentencing to the court with the agreement that Julian's aggregate sentence would be no less than twenty years and no more than sixty years. The trial court sentenced Julian to an aggregate sentence of fifty-five years. Julian now appeals.

[5]     Indiana Appellate Rule 7(B) provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we determine that the sentence is inappropriate in light of the nature of the offense and the character of the offender. *Thompson v. State*, 5 N.E.3d 383 (Ind. Ct. App. 2014). Sentencing is primarily a discretionary function in which the trial court's judgment should receive considerable deference. *Stephenson v. State*, 29 N.E.3d 111 (Ind. 2015). Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character). *Id.* The defendant bears the burden of persuading the appellate court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073 (Ind. 2006).

[6]     We begin by looking at the nature of the offenses. Julian acknowledges that his offenses are "disturbing." Appellant's Br. p. 8. Julian molested and exploited several children between 2007 and 2015 and maintained nude and sexual images and videos of the children on a flash drive. Julian, a man of sixty-nine

years at the time of sentencing, engaged in sexual intercourse or other sexual conduct with K.R., a child of thirteen, and H.M., when H.M. was eleven and twelve years of age; engaged in fondling or touching with M.M.E., a child under fourteen years of age, and M.S., when M.S. was between the ages of six and twelve; and managed or produced a performance that included sexual conduct by B.J.M., a child under eighteen.

[7] With regard to the character of the offender, we note that, in sentencing Julian, the trial court placed great emphasis on the fact that Julian's crimes of molestation and exploitation involved multiple victims, and for that reason, the court characterized Julian as a "serial child molester." Sentencing Tr. pp. 30, 31. The court also acknowledged and considered as aggravating the fact that Julian was in a position of trust with many, if not all, of his victims, and Julian concedes this fact in his brief to this Court. *See* Appellant's Br. p. 8.

[8] Julian asserts that his criminal history is of limited significance. Although the trial court considered this a mitigating factor, we observe that while Julian appeared to have been a law-abiding citizen for a substantial period, it was during this time that he engaged in acts of molestation and exploitation of multiple children without discovery. Julian also mentions in his brief that he was in the Navy and served in Vietnam; however, he testified at his sentencing hearing that he was discharged from the military for a conviction of possession of stolen property.

Further, he claims he was diagnosed with antisocial character disorder in 1968, for which he was never provided treatment. No evidence links Julian's crimes and his disorder; in fact, there was neither mention of this disorder at the sentencing hearing nor a request for treatment. *See Corralez v. State*, 815 N.E.2d 1023 (Ind. Ct. App. 2004) (stating there must be nexus between defendant's mental health and crime in question in order for mental history to be considered mitigating factor).

Finally, Julian contends that although he accepted responsibility for his actions and spared the victims from having to testify at trial, he received no real benefit from pleading guilty because, due to his age and health problems, his sentence amounts to a life sentence. A guilty plea can show that a defendant accepts responsibility for his actions. *Haggard v. State*, 771 N.E.2d 668 (Ind. Ct. App. 2002), *trans. denied*. And, generally, a guilty plea saves judicial time and resources, as well as sparing the victim's family the trauma of a trial. *Sensback v. State*, 720 N.E.2d 1160 (Ind. 1999). Nevertheless, a plea of guilty is not automatically a significant mitigating factor that must be credited by the trial court; rather, the determination is fact-sensitive. *Trueblood v. State*, 715 N.E.2d 1242 (Ind. 1999). "For instance, a guilty plea does not rise to the level of significant mitigation where the defendant has received a substantial benefit from the plea or where the evidence against him is such that the decision to plead guilty is merely a pragmatic one." *Wells v. State*, 836 N.E.2d 475, 479 (Ind. Ct. App. 2005), *trans. denied*. Even though the trial court assigned significant weight to this mitigator, we note that Julian received a substantial

benefit in exchange for his plea of guilty in that he had the opportunity to argue for a sentence of only twenty years while also having a maximum cap on his sentence. In addition, other numerous charges, which could have resulted in a sentence of over 100 years, were dismissed by the State. Further, the State had significant evidence against him in the form of testimony from his victims and the flash drive containing his voice and images of the interior of his home. Thus, it could be said that Julian's decision to plead guilty was a pragmatic one for which he received a substantial benefit.

[11] In this case, we find that sentence revision is supported neither by the nature of the offenses nor by character traits of the offender. Julian has failed to carry his burden of persuading this Court that his sentence is inappropriate. In light of the foregoing, we affirm the sentence of the trial court.

[12] Affirmed.

Vaidik, C.J., and Crone, J., concur.