## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before any
court except for the purpose of establishing
the defense of res judicata, collateral
estoppel, or the law of the case.



FILED

Jun 26 2018, 9:16 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jane Ann Noblitt
Columbus, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lee M. Stoy, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kevin E. Bell,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 26, 2018

Court of Appeals Case No.
40A05-1712-CR-2977

Appeal from the Jennings Circuit
Court

The Honorable Jon W. Webster,
Judge

Trial Court Cause No.
40C01-1609-F5-65

**Bradford, Judge.**

# Case Summary

On September 17, 2016, Kevin Bell was driving a vehicle without a valid driver's license. At some point, the vehicle he was driving went down a ravine and crashed. His girlfriend, who was a passenger in the vehicle, died as a result of the crash. Approximately three days later, the police became aware of the accident. The State subsequently charged Bell with a number of crimes, including Level 5 felony driving while suspended. Bell pled guilty to Level 5 felony driving while suspended. In exchange for Bell's guilty plea, the State agreed to drop all of the remaining charges. Although the length of Bell's sentence was left to the discretion of the trial court, the terms of the plea agreement indicated that none of the sentence would be suspended. The trial court accepted Bell's guilty plea and sentenced him to an executed four-year term. Bell contends both that his sentence is inappropriate and that the trial court abused its discretion in failing to find certain mitigating factors. Concluding otherwise, we affirm.

# Facts and Procedural History

On September 17, 2016, Bell and his girlfriend Nikki Reed were driving together from Pennsylvania to Indiana to attend Reed's son's birthday party. Despite knowing that his driver's license was suspended, Bell drove Reed's vehicle. While driving on U.S. 50 in Jennings County, Bell veered off the road into a ravine and struck a tree. Reed died as a result of the impact.

[3] Bell remained in the vehicle for the next three days. On September 20, 2016, he crawled out a broken window and attempted to climb out of the ravine. As he did this, he found his cellular phone, which had two percent of the battery power remaining. Instead of immediately calling 911, Bell informed his employer that he had been in an accident. Bell did not notify 911 of the accident before the phone's battery died.

[4] Bell eventually climbed out of the ravine and flagged down a passing motorist, who called 911. Indiana State Trooper Rick Hewitt responded to the 911 call. When Trooper Hewitt arrived, Bell informed Trooper Hewitt that he had fallen down into the ravine. Upon receiving Bell's name, Trooper Hewitt learned that Bell was associated with Reed who had been reported missing by her ex-husband. When Trooper Hewitt inquired about Reed, Bell had a "surprised look" on his face and told Trooper Hewitt that "she was probably still in the truck." Appellant's App. Vol. II, p. 26. After Trooper Hewitt asked "what truck," Bell admitted that there was a vehicle at the bottom of the ravine. Appellant's App. Vol. II, p. 26. Trooper Hewitt observed that the location of the crashed vehicle was "at the bottom of a heavily wooded ravine and was not visible from the roadway due to thick vegetation." Appellant's App. Vol. II, p. 26. Bell initially told Trooper Hewitt that Reed had been driving at the time of the accident but later admitted that he was driving when the accident occurred.

[5] On September 27, 2016, the State charged Bell with Level 5 felony driving while suspended, Level 5 felony leaving the scene of an accident resulting in death, Class A misdemeanor failure to report a dead body, Class A

misdemeanor driving while suspended, and Class B misdemeanor false informing. Bell subsequently pled guilty to Level 5 felony driving while suspended. In exchange for Bell's guilty plea, the State agreed to drop all of the remaining charges. The plea agreement left the length of Bell's sentence to the trial court but provided that none of the sentence would be suspended. The trial court accepted Bell's guilty plea and sentenced him to an executed four-year term.

# Discussion and Decision

[6] Bell challenges his sentence on appeal. First, he contends that his four-year sentence is inappropriate. Next, he contends that the trial court abused its discretion by failing to consider certain mitigating factors. We disagree with both contentions.

# I. Appropriateness of Sentence

[7] Indiana Appellate Rule 7(B) provides that "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In analyzing such claims, we "'concentrate less on comparing the facts of [the case at issue] to others, whether real or hypothetical, and more on focusing on the nature, extent, and depravity of the offense for which the defendant is being sentenced, and what it reveals about the defendant's character.'" *Paul v. State*, 888 N.E.2d 818, 825 (Ind. Ct. App. 2008) (quoting *Brown v. State*, 760 N.E.2d 243, 247 (Ind. Ct. App. 2002), *trans.*

*denied*).  The defendant bears the burden of persuading us that his sentence is inappropriate.  *Sanchez v. State*, 891 N.E.2d 174, 176 (Ind. Ct. App. 2008).

[8]    In this case, Bell was involved in a traffic accident while driving without a valid driver's license.  His girlfriend, who was a passenger in the vehicle, died as a result of the accident.  When Bell finally exited the vehicle, he did not immediately notify the police of the accident, despite having the brief opportunity to do so.  In addition, when he finally did speak to police, he initially lied and said that he had fallen down the ravine.  He only admitted that he had been driving in a vehicle in which Reed was a passenger when specifically asked about her whereabouts.

[9]    As for Bell's character, Bell admits that despite having limited mental function, he understands right from wrong and knows what he should and should not do. At the time of his arrest, there was an active bench warrant for his arrest stemming from a harassment case in Pennsylvania.  Moreover, although Bell's criminal history involved only one other criminal conviction, this prior conviction also involved a traffic accident that resulted in the death of another person.  Similar to this case, following the first accident, Bell did not immediately report the accident but rather waited a number of days before coming forward to report his involvement.  Further, it does not reflect well on his character that when speaking to police, Bell was not immediately forthright about the circumstances surrounding the most recent accident.  Bell has failed to persuade us that his four-year sentence is inappropriate.

# II. Abuse of Discretion

Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal only for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *modified on other grounds on reh'g*, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom." *Id.* (quotation omitted).

> One way in which a trial court may abuse its discretion is failing to enter a sentencing statement at all. Other examples include entering a sentencing statement that explains reasons for imposing a sentence-including a finding of aggravating and mitigating factors if any-but the record does not support the reasons, or the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or the reasons given are improper as a matter of law. Under those circumstances, remand for resentencing may be the appropriate remedy if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record.

*Id.* at 490–91. A single aggravating factor may support an enhanced sentence. *Fugate v. State*, 608 N.E.2d 1370, 1374 (Ind. 1993).

In sentencing Bell, the trial court found Bell's criminal history including his prior felony conviction and the outstanding active warrant for his arrest and the fact that he "delayed 3–4 days in calling anyone or looking for help while lying in a ravine" to be aggravating factors. Appellant's App. Vol. II, p. 62. The trial

court also found the fact that Bell (1) admitted his crime without the necessity of a trial, (2) is a high school graduate, (3) is a low risk to reoffend, and (4) "has some functional disabilities arising from complications with his birth" to be mitigating factors. Appellant's App. Vol. II, p. 62. Bell does not argue on appeal that these factors are not supported by the record. Rather, he claims that the trial court abused its discretion by failing to also find his "extreme remorse" and the "likelihood he would respond affirmatively to probation or short-term incarceration" to be mitigating factors. Appellant's Br. p. 14.

[12] Although a sentencing court must consider all evidence of mitigating factors offered by a defendant, the finding of mitigating factors rests within the court's discretion. *Henderson v. State*, 769 N.E.2d 172, 179 (Ind. 2002). A trial court is neither required to find the presence of mitigating factors, *Fugate*, 608 N.E.2d at 1374 (citing *Graham v. State*, 535 N.E.2d 1152, 1155 (Ind. 1989)), nor obligated to explain why it did not find a factor to be significantly mitigating. *Sherwood v. State*, 749 N.E.2d 36, 38 (Ind. 2001) (citing *Birdsong v. State*, 685 N.E.2d 42, 47 (Ind. 1997)). "A court does not err in failing to find mitigation when a mitigation claim is highly disputable in nature, weight, or significance." *Henderson*, 769 N.E.2d at 179 (internal quotations omitted). Furthermore, while Indiana law mandates that the trial judge not ignore facts in the record that would mitigate an offense, and a failure to find mitigating factors that are clearly supported by the record may imply that the trial court failed to properly consider them, *id.*, an allegation that the trial court failed to find a mitigating factor requires the defendant to establish that the mitigating evidence is both

significant and clearly supported by the record. *Carter v. State*, 711 N.E.2d 835, 838 (Ind. 1999).

[13] With respect to Bell's claimed remorse, we have previously concluded that "substantial deference must be given to a trial court's evaluation of remorse [because t]he trial court, which has the ability to directly observe the defendant and listen to the tenor of his or her voice, is in the best position to determine whether the remorse is genuine." *Corralez v. State*, 815 N.E.2d 1023, 1025 (Ind. Ct. App. 2004). Like in *Corralez*, we conclude that Bell's reference to statements articulating his remorse is insufficient to establish an abuse of discretion. *See id.*

[14] As for Bell's claim that he would have responded well to probation or a short term of imprisonment, the record reveals that pursuant to the terms of Bell's plea agreement, "none" of his sentence was to be suspended. Appellee's App. Vol. II, p. 5. In addition, despite having previously received a short term of incarceration in connection to his first conviction, Bell did not reform his behavior. Further, when Bell first spoke to police, he was not initially forthright about the circumstances surrounding the accident. We cannot say that the trial court abused its discretion by failing to find Bell's claim that he might have responded affirmatively to probation or short-term imprisonment to be a significant mitigating factor.

[15] The judgment of the trial court is affirmed.

Baker, J., and Kirsch, J., concur.