# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 23 2018, 10:28 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ellen H. Meilaender
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Katrina E. Cottrell, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | August 23, 2018 <br><br> Court of Appeals Case No. 18A-CR-722 <br><br> Appeal from the Parke Circuit Court <br><br> The Honorable Samuel A. Swaim, Judge <br><br> Trial Court Cause No. 61C01-1611-F1-358 |

**Altice, Judge.**

## Case Summary

[1] Pursuant to an agreement with the State, Katrina E. Cottrell pled guilty to Level 2 felony robbery, two counts of Level 3 felony confinement, and Level 6 felony identity deception. She also admitted being a habitual offender. The trial court sentenced Cottrell to an aggregate term of fifty-five years in prison. On appeal, Cottrell contends that the trial court abused its discretion by rejecting two mitigating circumstances.

[2] We affirm.

## Facts & Procedural History

[3] In the early morning hours of November 9, 2016, Cottrell and Gary Sears broke into the home of Dale and Mildred Crooks, an elderly couple in their nineties. Cottrell and Sears armed themselves with items found in the garage and began ransacking the home and removing personal property while Dale and Mildred slept. They found a safe in the spare bedroom but could not open it. Eventually, they entered the bedroom where Dale and Mildred were sleeping. Cottrell stood over Mildred while holding a hatchet, and Sears stood over Dale armed with a metal bar. Sears then demanded to know how to open the safe. When Dale would not provide him with the information, Sears struck him in the head with the metal bar. This caused Dale to start bleeding profusely. Sears demanded that the couple stay in the bed. Sears and Cottrell continued to collect items from around the house, as well as objects from Dale and Mildred's persons. Cottrell wanted Mildred's ring but it would not come off her finger. At some point, Sears bound Mildred's hands together with duct tape.

[4]    In addition to stealing jewelry, watches, Dale's wallet, Mildred's purse, a television, and prescription pills, Cottrell and Sears caused significant and unnecessary damage to the home.  They put holes in the wall, broke a glass table, smashed a mirror, pulled the thermostat out of the wall, and trashed the home.  Before leaving, Cottrell also pulled the telephone cord out of the wall, making it difficult for Mildred to seek medical attention for her severely injured husband.  Mildred was eventually able to call 911 with Dale's cellphone.  Dale passed out from blood loss during the call.  He was taken by ambulance to the hospital suffering from a concussion, a fractured skull, and a significant laceration.  Dale was transferred from the local hospital in Terre Haute to Methodist Hospital in Indianapolis due to his injuries.  Dale and Mildred were never able to return to their home due to the trauma they experienced.

[5]    After leaving the victims' home, Cottrell used Mildred's debit card at multiple locations that morning.  She also forged Mildred's name on a check.  The investigation quickly led police to Cottrell and Sears, and they were arrested within twenty-four hours of the offenses.  Inside the car they were driving, police recovered a television, jewelry, and a purse.  Sears was in possession of jewelry and a bank card belonging to Mildred, and Cottrell had possession of a prescription pill bottle with Mildred's name on the label.

[6]    On November 10, 2016, the State charged Cottrell with Level 1 felony burglary, Level 2 felony robbery, Level 3 felony confinement, and Level 6 felony identity deception.  The State later amended the information to add charges of Level 3

felony robbery, Level 3 felony confinement, and Level 2 felony burglary, as well as a habitual offender allegation.

[7] On January 8, 2018, Cottrell entered into a plea agreement with the State. Pursuant to the agreement, she pled guilty to Level 2 felony robbery, two counts of Level 3 felony confinement, and Level 6 felony identity deception. She also admitted to being a habitual offender. In exchange, the State agreed to the dismissal of the other charges – most notably, the Level 1 felony burglary – and a sentencing cap of fifty-five years. At the sentencing hearing on March 2, 2018, the trial court sentenced Cottrell to twenty-three years on the Level 2 felony, thirteen years on both of the Level 3 felonies, and one and one-half years on the Level 6 felony. The court ordered the two Level 3 felony sentences to be served concurrently but everything else consecutively. The court also enhanced her sentence by seventeen and one-half years as a result of the habitual offender finding. Thus, Cottrell received an aggregate sentence of fifty-five years in prison. She now appeals her sentence. Additional information will be provided below as needed.

## Discussion & Decision

[8] Cottrell contends that the trial court abused its discretion because it rejected her proffered mitigating circumstances of her guilty plea and remorse. She asks that we revise her fifty-five-year sentence to a sentence of twenty-seven and one-half years in prison.

[9] Sentencing decisions rest within the sound discretion of the trial court and are reviewed on appeal for an abuse of discretion. *Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). "An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom." *Holmes v. State*, 86 N.E.3d 394, 399 (Ind. Ct. App. 2017), *trans. denied*.

[10] One way in which an abuse of discretion can arise is if the trial court does not recognize mitigating circumstances that are clearly supported by the record and advanced for consideration. *McElfresh v. State*, 51 N.E.3d 103, 112 (Ind. 2016). To establish that the trial court abused its discretion in this regard, the defendant must demonstrate that the mitigating evidence is both significant and clearly supported by the record. *Id*.

[11] When sentencing Cottrell, the trial court found several aggravating circumstances: the advanced age of the victims; Cottrell's violations of probation; her extensive criminal history[1]; and the harm and loss suffered by the victims was significant and greater than that necessary to establish the elements

---

[1] At not even thirty-years old, Cottrell had accrued six felony convictions and seven misdemeanor convictions spanning from 2006 to 2014. Additionally, she had violated probation many times and was on probation and had felony charges pending in another case at the time of the instant offenses.

of the offenses.[2]  Although the trial court expressly found no mitigating circumstances, it addressed those advanced by Cottrell:

> I understand that you're saying you're sorry today, and you've pled guilty, and the Court does acknowledge that you've done those things.  I think that, under the plea agreement, you've been given credit for your plea of guilty.  Had you went [sic] to trial, given the facts and circumstances of this case and your criminal history, it's quite possible that you would've received a sentence far in excess of fifty-five years, so you have received some credit for pleading guilty….  The Court does agree, you know it's a tragedy for everyone involved.  Just the fact that the way that you've led your life, you know, is a tragedy.  You only get one life, and you've been in trouble virtually every year of your life, even as a juvenile…. [A] theme I've heard, I guess, from you this morning, Ms. Cottrell, is not taking responsibility or ownership of this offense, or your prior offenses.  You've blamed two boyfriends…[and] [i]t was your sister's fault on a prior offense.  It was a friend's fault in Clay County.  It was drugs, a problem with drugs.  I mean, you've had plenty of time throughout your life, and opportunities to address your claimed addiction, including having your children taken away, and I'm sure there was plenty of programs offered to you as part of your CHINS case.  You've indicated that you've been in sober living facilities that you did not complete, violated probation multiples [sic] times.  Also, the way that you've testified that you caught this case is concerning to the Court, like you caught a cold.  You didn't just catch this case, you --- you intended to commit these offenses.

*Transcript* at 100-02.

---

[2] In this regard, the trial court noted that "there were particular elements of this offense that were simply mean and callous, above and beyond the burglary elements."  *Transcript* at 100.

[12] As set forth above, Cottrell contends that the trial court abused its discretion by refusing to find her guilty plea and remorse to be mitigating. We cannot agree. The trial court amply explained its reasons for rejecting these proffered mitigating circumstances. While it did not find Cottrell's remorse to be genuine, this was entirely within the court's discretion. *See Hape v. State*, 903 N.E.2d 977, 1002-03 (Ind. Ct. App. 2009) (our review of a trial court's determination of a defendant's remorse is similar to our review of credibility judgments: without evidence of some impermissible consideration by the trial court, we accept its determination"), *trans. denied*; *Corralez v. State*, 815 N.E.2d 1023, 1025 (Ind. Ct. App. 2004) ("trial court, which has the ability to directly observe the defendant and listen to the tenor of his or her voice, is in the best position to determine whether the remorse is genuine").

[13] With respect to the guilty plea, we observe that "[a] guilty plea is not automatically a significant mitigating factor." *Sensback v. State*, 720 N.E.2d 1160, 1165 (Ind. 1999). The significance of a guilty plea varies from case to case, and a plea may not be significantly mitigating when the defendant receives a substantial benefit in return or the plea is more likely the result of pragmatism than acceptance of responsibility. *See Anglemyer*, 875 N.E.2d at 221. Here, the evidence against Cottrell was overwhelming. Had she gone to trial, she faced an almost certain conviction for a Level 1 felony, as well as several other offenses. By pleading guilty, Cottrell avoided a Level 1 felony conviction and

the potential for an aggregate sentence well in excess of fifty-five years.[3] The trial court did not abuse its discretion by determining that Cottrell's guilty plea did not constitute a significant mitigating circumstance.

[14] Judgment affirmed.

[15] Brown, J. and Tavitas, J., concur.

---

[3] Had Cottrell been found guilty as charged at trial, we agree that the trial court could not have entered judgments of conviction on every count due to double jeopardy. Depending on the evidence and arguments presented at trial, however, there is a possibility that her convictions for Level 1 felony burglary, Level 3 felony robbery, Level 3 felony confinement, and Level 6 felony identity deception would all withstand double jeopardy challenges.