## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

May 06 2020, 9:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

A. David Hutson
Hutson Legal

Jeffersonville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Tyler G. Banks
Supervising Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Anthony Geiger,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

May 6, 2020

Court of Appeals Case No. 19A-CR-2009

Appeal from the
Clark Circuit Court

The Honorable
Vicki L. Carmichael, Judge

Trial Court Cause No. 10C04-1810-F4-63

**Kirsch, Judge.**

David Anthony Geiger ("Geiger") appeals the four-year aggregate sentence the trial court imposed after Geiger pleaded guilty to dealing in methamphetamine[1] as a Level 5 felony, dealing in a narcotic drug[2] as a Level 5 felony, and neglect of a dependent[3] as a Level 6 felony. On appeal, Geiger raises two issues:

> I. Whether the trial court abused its discretion by failing to explain why it imposed a sentence that exceeded the sentence recommended by the State; and

> II. Whether his sentence is inappropriate.

We affirm.

## Facts and Procedural History

On July 24, 2017, a confidential informant ("CI") contacted Geiger to buy methamphetamine and heroin. *Appellant's Conf. App. Vol. 2* at 14-16. The CI met Geiger in Henryville, Indiana. *Id*. at 14. The CI got into Geiger's car and bought what was later identified as methamphetamine and heroin from Geiger. *Id*. at 14-15. Geiger's daughter, who was three or four years old at the time, was sitting in the back seat of Geiger's car during the transaction. *Id*. at 15.

---

[1] *See* Ind. Code § 35-48-4-1.1(a).

[2] *See* Ind. Code § 35-48-4-1(a).

[3] *See* Ind. Code § 35-46-1-4(a).

[4]     On October 26, 2018, the State charged Geiger with dealing in methamphetamine as a Level 4 felony, dealing in a narcotic drug as a Level 4 felony, and neglect of a dependent as a Level 5 felony. *Appellant's App. Vol. 2* at 9-10. The State and Geiger entered a plea agreement, in which Geiger agreed to plead guilty to lesser included offenses: dealing in methamphetamine and dealing in a narcotic drug as Level 5 felonies and neglect of a dependent as a Level 6 felony. *Id*. at 33-34. The parties also agreed that Geiger would serve his sentences concurrently but left all remaining sentencing issues to the trial court's discretion. *Id*.

[5]     The State recommended a three-year aggregate executed sentence, to be followed by one year suspended to probation. More specifically, the State recommended that the trial court impose four-year sentences on the drug-related Level 5 felony convictions, with three years executed in the Department of Correction, and one year suspended to probation. *Tr. Vol. Two* at 20. As to the conviction for Level 6 felony neglect of a dependent, the State recommended a two-year executed sentence, with all sentences to run concurrently, as the plea agreement had stipulated. *Id*. At the sentencing hearing, the trial court stated the following:

> So what the court's going to impose as a sentence is a four-year term on [the Level 5 felony dealing convictions]. And a two-year term on [the Level 6 felony neglect of dependent conviction], again, all to run concurrently. The court will suspend one year of that sentence . . . .

*Id*. at 21. On July 30, 2019, the trial court issued a written order regarding Geiger's sentence. This order imposed a different sentence than the sentence the trial court announced at the sentencing hearing. On the dealing convictions, the trial court imposed four-year fixed sentences. *Appellant's Conf. App. Vol. 2* at 55. It also imposed a fixed, three-year sentence on the neglect of dependent conviction, suspended one year of this sentence to probation, and, most notably, increased the sentence on this Level 6 conviction from two years to three years. *Id*. The sentences were still ordered to be served concurrently. *Id*.

[6] Geiger appealed, and before the appeal was fully briefed, the State filed a motion for remand so the trial court could correct Geiger's sentence for the Level 6 felony because the three-year sentence the trial court imposed exceeded the statutory maximum for Level 6 felonies. *See* Ind. Code § 35-50-2-7(b).[4] We granted the motion. On remand, the trial court imposed concurrent sentences of four years for the two Level 5 dealing convictions and a two-year sentence for Geiger's Level 6 felony neglect of a dependent conviction, with one year of the neglect of a dependent sentence suspended to probation. *Appellant's Supp. App. Vol. 2* at 21. We will provide additional facts as necessary.

---

[4] The advisory sentence for a Level 6 felony is one year, the minimum sentence is six months, and the maximum sentence is two-and-one-half years. Ind. Code § 35-50-2-7(b).

# Discussion and Decision

## I. Abuse of Discretion

[7] Geiger argues that the trial court abused its discretion by failing to explain why it imposed a sentence that exceeded the three-year executed sentence proposed by the State. Sentencing decisions lie within the discretion of the trial court. *Helsley v. State*, 43 N.E.3d 225, 228 (Ind. 2015) (citing *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008)). We will reverse a trial court's sentence only upon a showing of an abuse of that discretion -- a decision that is clearly against the logic and circumstances of the facts facing the trial court. *State v. Bishop*, 800 N.E.2d 918, 922 (Ind. 2003). The Indiana Supreme Court has held that an abuse of discretion occurs in four ways, where the trial court: 1) fails to enter a sentencing statement; 2) cites an aggravating or mitigating factor that is not supported by the record; 3) fails to cite factors that are clearly supported by the record; and 4) relies on reasons that are improper as a matter of law. *Anglemyer v. State*, 868 N.E.2d 482, 490-91 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

[8] Geiger concedes there is no legal authority for requiring a trial court to explain why it rejected the State's sentencing recommendation. However, he contends that requiring an explanation here would serve the purpose of fostering public confidence in the criminal justice system. *See id*. He argues: "[I]t would be very difficult for a reasonable observer of these proceedings to understand why Geiger will spend four years in prison instead of three without perceiving that a mistake has been made." *Appellant's Reply Br*. at 4. Geiger also argues that

requiring a statement here would aid appellate review because "the record is sparse [because] there was no trial, and there was not much in the way of evidence submitted at the sentencing hearing." *Appellant's Br.* at 11.

[9] The trial court did not abuse its discretion in failing to explain why it did not adopt the State's sentencing recommendation. The Indiana Supreme Court has ruled that an abuse of discretion in sentencing occurs under four circumstances, and the failure of a trial court to explain why it did not accept the State's recommendation is not one of them. *See Anglemyer*, 868 N.E.2d at 490-91. To the extent that Geiger argues that his approach would aid appellate review, he does not explain why review in this case is hindered any more than any other sentencing appeal arising from a guilty plea. The record is often "sparse" in all sentencing cases that do not involve a trial. Thus, we decline Geiger's invitation to ignore the Indiana Supreme Court's precedent about what constitutes an abuse of discretion at sentencing. The trial court did not abuse its discretion in not explaining why it did not accept the State's proposed sentence for Geiger.

## II. Inappropriateness

[10] Under Indiana Appellate Rule 7(B), we may revise a sentence if, after due consideration of the trial court's decision, we find the sentence inappropriate considering the nature of the offense and the character of the offender. *Anglemyer*, 868 N.E.2d at 491. The nature of the offense compares the defendant's actions with the required showing to sustain a conviction under the

charged offense, *Cardwell,* 895 N.E.2d at 1224, while the character of the offender permits a broader consideration of the defendant's character. *Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013). Whether a sentence is inappropriate turns on the culpability of the defendant, the severity of the crime, the damage done to others, and other factors that come to light in a given case. *Cardwell*, 895 N.E.2d at 1224.

[11] We defer to the trial court's decision, and our goal is to determine whether an appellant's sentence is inappropriate, not whether some other sentence would be more appropriate. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015). We seek to leaven the outliers, not to achieve a perceived correct result. *Cardwell*, 895 N.E.2d at 1225.

[12] As to the nature of his offenses, Geiger argues there was nothing exceptional about his crimes. We disagree. Geiger dealt two different drugs in public in a vehicle, in which his young daughter was a passenger. His daughter was only three or four years old at the time of the of the offense. "The younger the victim, the more culpable the defendant's conduct." *Hamilton v. State*, 955 N.E.2d 723, 727 (Ind. 2011). Geiger's decision to bring his daughter into the "'violent and dangerous criminal milieu'" that comes with dealing drugs does not paint the nature of his offenses in a positive light. *See Polk v. State*, 683

N.E.2d 567, 571 (Ind. 1997) (quoting *Reynolds/Herr v. State*, 582 N.E.2d 833, 839 (Ind. Ct. App. 1991)).

[13] As to his character, Geiger argues that his sentence is inappropriate because of his addictions and mental illnesses. When he was sixteen years old, Geiger began using alcohol and marijuana, and at the age of twenty-four, he began using heroin. *Appellant's Conf. App. Vol. 2* at 40. In 2016, Geiger attempted to overcome his addictions by attending a two-and-one-half-week inpatient treatment program. *Id*. However, at the time the PSI was filed, Geiger was using heroin daily and marijuana twice per week. *Id*. As to his mental illnesses, Geiger notes that about three years before he was sentenced, Geiger was diagnosed with depression and anxiety *Id*.

[14] Geiger's sentence is not inappropriate in light of his character. First, even though Geiger's criminal record does not include egregious crimes, his criminal history is substantial. In 2010, Geiger was adjudicated as a delinquent child for possession of marijuana. *Id*. at 41. In 2016, Geiger was convicted of Class A misdemeanor theft, and in 2017, he was convicted of the same offense. *Id*. at 41-42. In 2018, Geiger was convicted in Kentucky for two offenses: wanton endangerment in 1st degree and possession of a controlled substance 1st degree. *Id*. at 42. Soon after these Kentucky convictions were entered, Geiger was convicted in Clark County of unlawful possession of a syringe as a Level 6 felony. *Id*. at 42-43. Geiger's criminal history proves that his sentence is not inappropriate when considering his character.

Furthermore, we are not persuaded that Geiger's mental illnesses and drug use make his sentence inappropriate. Geiger has shown no nexus between his depression and anxiety and his dealing drugs within the presence of his daughter. *See Steinberg v. State*, 941 N.E.2d 515, 534 (Ind. Ct. App. 2011) (quoting *Corralez v. State*, 815 N.E.2d 1023, 1026 (Ind. Ct. App. 2004)) ("'[I]n order for a [defendant's] mental history to provide a basis for establishing a mitigating factor, there must be a nexus between the defendant's mental health and the crime in question."). As to his drug use and addictions, we acknowledge that these problems can be considered mitigating factors, but they can also be considered aggravating when a defendant has had prior opportunities for rehabilitation yet squandered them. *Cf. Caraway v. State*, 959 N.E.2d 847, 852 (Ind. Ct. App. 2011) ("We are not persuaded by Caraway's argument that he was 'blind' to his alcoholism and was therefore unable to pursue treatment"), *trans. denied*. Here, Geiger had completed a two-and-one-half week inpatient program within a year of his present crimes, but he continued to use drugs, heroin on a daily basis and marijuana twice per week. *Appellant's Conf. App. Vol. 2* at 40. Thus, Geiger's mental illnesses and drug use and addictions do not make his sentence inappropriate.

In sum, the trial court did not abuse its discretion in not adopting the sentence recommended by the State, and Geiger's sentence is not inappropriate considering the nature of his offenses and his character.

Affirmed.

Najam, J., and Brown, J., concur.